797 P.2d 1229
**STATE of Arizona, Appellee,**

v.

**Sidney HAMBLIN, Appellant.**

**1 CA–CR 89–829.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 28, 1990.

**212**

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Asst. Atty. Gen., Chief Counsel, Crim. Div. and Dennis Staffelbach, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for appellant.

## OPINION

TAYLOR, Judge.

Appellant Sidney Hamblin (defendant) was convicted in Maricopa County Superior Court of two counts of leaving the scene of an accident in violation of A.R.S. §§ 28–661, 28–663, 28–444, 28–445, 13–701, 13–702, 13–801 and 13–812, a class six felony. Defendant was sentenced to imprisonment for a term of three years on each count with the sentences to be served consecutively. Defendant appeals from the judgment and sentences imposed.

## FACTS

On November 6, 1988, defendant was driving his pickup truck when he struck two pedestrians. He fled the scene, leaving one person dead and another seriously injured. Defendant was charged with one count of negligent homicide and two counts of leaving the scene of an accident. Defendant pled guilty to two counts of leaving the scene of an accident pursuant to a plea agreement which provided for dismissal of the negligent homicide count. The court found no mitigating factors at time of sentencing. Aggravating factors found by the court included a prior felony conviction; an extensive criminal record; that at the time of the fatal accident defendant was driving under the influence of alcohol; that defendant's driver's license was suspended at the time; that defendant's conduct killed one person and critically injured another; and that defendant knew at the time he fled the scene that he had caused serious injury to others. The court imposed maximum sentences of three years imprisonment on each count, to be served consecutively.

## DISCUSSION

Defendant argues on appeal that he is guilty of leaving once the scene of a single accident, and that the imposition of consecutive sentences violates A.R.S. § 13–116 [1] and the double jeopardy provisions of the United States Constitution [2] and of the Arizona Constitution.[3]

---

**1. § 13–116. Double punishment**

An *act or omission* which is made punishable in different ways *by different sections* of the laws may be punished under both, but in no event may sentences be other than concurrent. An acquittal or conviction and sentence under either *one bars a prosecution for the same* act or omission under any other, to the extent the constitution of the United States or of this state require (emphasis added).

**2.** U.S. Const. Amend. V. "No person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...."

**3.** Ariz. Const. Art. II, § 10: "No person shall ... be twice put in jeopardy for the same offense."

TWO ACCIDENTS

■ We are not called upon today to determine whether, if defendant had struck one vehicle causing death or injury to two people, he could be sentenced consecutively for leaving the scene. In the instant case, defendant struck two pedestrians, each a distinct and separate entity, and each the victim of an accident. This is illustrated in the following dialogue between the court and defendant at the change of plea proceedings.

THE COURT: All right. The charge is that on Count II that on November 6th, 1988 you operated a vehicle at or near East Main Street and Barkley in Mesa, Maricopa County, which *was involved in an accident and that resulted in the death of a person, Jacob M. Hofer,* H-o-f-e-r, and that you failed or refused to remain at the scene and failed to fulfill the requirements of A.R.S. Section 28–663, which requires you to remain at the scene and provide the police with any and all information concerning yourself and the accident and insurance, and this occurred in violation of the law here in Maricopa County. Do you understand the nature of this charge?

MR. HAMBLIN: Yes, sir.

. . . .

THE COURT: All right. As to Count III, on the same day at the same place, was *there someone else involved in an accident that resulted in an injury to a person, namely Betty Hofer,* and you also again failed to or refused to remain at the scene and failed to fulfill the requirements of 28–663?

MR. HAMBLIN: Yes, sir . . .

THE COURT: . . . You hit two people.

MR. HAMBLIN: Yeah.

THE COURT: And you just kept right on going?

MR. HAMBLIN: Yeah.

THE COURT: And you knew they were injured.

MR. HAMBLIN: Yes.

(Emphasis added.)

We conclude that defendant was involved in two accidents, not one. As a result, we believe that as he fled from the area, he was fleeing from two separate accidents. The question is whether consecutive sentences can be premised upon the single act of fleeing from the scene of two accidents.

DUTY

■ Arizona Revised Statutes § 28–661 [4] imposes a statutory duty upon motorists to stop and render aid as required by A.R.S. § 28–663 [5] to victims injured as a result of a vehicle accident. Taken together, these two provisions embody the statutory duty owed by a motorist involved in an accident to those injured or killed. *State v. Milligan,* 87 Ariz. 165, 168, 349 P.2d 180, 182 (1960).

Pursuant to the mandate of A.R.S. § 28–661, defendant owed a duty to the victim of each accident. His failure to stop immediately and render humanitarian aid constituted a separate breach of that duty as to each victim.

APPLICABILITY OF A.R.S. § 13–116

■ We decide initially that A.R.S. § 13–116 is not applicable to the facts of this case. Defendant was sentenced on two charges of violating the same statute. As stated by our supreme court: "Because both counts are punishable under the same sections of the law, consecutive sentences would not have constituted double punish-

4. A.R.S. § 28–661:
   A. The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop the vehicle at the scene of the accident . . . and in every event shall remain at the scene of the accident until he has fulfilled the requirements of § 28–663. . . .
   B. Any person failing to stop or to comply with the requirements under the circumstances is guilty of a class 6 felony.

5. A.R.S. § 28–663.

   The driver of any vehicle involved in an accident resulting in injury to or death of any person . . . shall give his name, address and the registration number of the vehicle he is driving and shall upon request exhibit his operator's or chauffeur's license to the person struck or the driver or occupants of or person attending any vehicle collided with and shall render to any person injured in the accident reasonable assistance. . . .

ment in violation of ... A.R.S. § 13–116." *State v. Henley,* 141 Ariz. 465, 467–68, 687 P.2d 1220, 1222–23 (1984).

## DOUBLE JEOPARDY

Defendant asserts, without argument or citation to authority, that the imposition of consecutive sentences herein constitutes double jeopardy. We deem this issue of sufficient importance to merit discussion.

The state argues that this issue is controlled by *State v. Gunter,* 132 Ariz. 64, 643 P.2d 1034 (App.1982). In *Gunter,* the court imposed consecutive sentences upon the defendant following his conviction of two counts of aggravated assault stemming from a single act of throwing acid in the faces of his estranged wife and her male companion. The defendant there argued, as does defendant in the instant case, that the double punishment statute prohibited consecutive sentences for a single criminal act. The *Gunter* court looked to the results of the act, rather than the act itself, to determine if there were multiple offenses. *Id.* at 69, 643 P.2d at 1038–39. The court then cited *Neal v. California,* 55 Cal.2d 11, 9 Cal.Rptr. 607, 357 P.2d 839 (1960), *cert. denied,* 365 U.S. 823, 81 S.Ct. 708, 5 L.Ed.2d 700 (1961), for the proposition that a criminal defendant's level of culpability increases with the number of victims. In *Neal,* the defendant committed arson in an effort to murder two victims. The defendant was charged with two counts of attempted murder for his single act of arson. He was convicted on both counts and consecutive sentences were upheld.[6]

In *Henley,* our supreme court also relied upon *Neal* and *Gunter,* concluding that where defendant shot only one bullet but injured two victims, he could properly be consecutively sentenced because his single act injured multiple victims. 141 Ariz. at 467–68, 687 P.2d at 1222–23.

█ The terms "act" and "offense" are not synonymous. As stated by this court in *Gunter,*

> The Constitution speaks of "offense." Generally, criminal "offenses" are defined in relationship to a victim ... [T]he law generally does not make the act itself criminal unless harm or potential harm results to another. Thus, conceptually, the law itself focuses on the results rather than the act. We see no reason why this focus should shift when defining the term "offense."

132 Ariz. at 69, 643 P.2d at 1039.

█ Nor do we see any reason why that focus should differ between a crime of commission and one of omission.[7] The law may, because of a special relationship, impose upon an individual a duty of conduct. The willful breach of that duty constitutes a criminal offense. While the charges to which defendant pled are labeled "leaving the scene of an accident", a crime of commission, the gravamen of the statutory offense is failure to remain at the scene, a crime of omission. Thus, a driver who becomes involved in multiple accidents has a duty created by law to remain at the scene of the accidents and to render aid to those injured and to otherwise comply with the provisions of A.R.S. § 28–663. Defendant's duty was to remain at the scene. His single act of leaving caused him to omit the performance of that duty as it relates to each accident.

We conclude that defendant breached that duty as to the accident that killed Mr. Hofer. We conclude that he likewise breached that duty as to the accident that injured Mrs. Hofer. Each breach of duty could properly be charged as a separate criminal offense.

## CONCLUSION

Because we view the situation as two accidents and not just one, defendant's argument, that he left the scene of *an* acci-

---

**6.** California's double punishment statute is substantially identical to A.R.S. § 13–116.

**7.** A.R.S. § 13–105(1) provides: "'Act' means a bodily movement." A.R.S. § 13–105(21) pro-

vides: "'Omission' means the failure to perform an act as to which a duty of performance is imposed by law."

dent but once, is unpersuasive. The convictions and sentences imposed are affirmed.

JACOBSON, P.J., and BROOKS, J., concur.