23 P.3d 668

The STATE of Arizona, Appellee/Cross–
Appellant,

v.

Dustin Ryan POWERS, Appellant/Cross–
Appellee.

No. 2 CA–CR 00–0117.

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 27, 2001.

Review Granted May 23, 2001.

Janet Napolitano, Arizona Attorney General, by Paul J. McMurdie and Joseph L. Parkhurst, Tucson, for appellee/cross-appellant.

Hirsh, Bjorgaard & Rogers, P.L.C., by David L. Bjorgaard, Tucson, for appellant/cross-appellee.

## OPINION

HOWARD, Presiding Judge.

¶ 1 Appellant Dustin Powers pled guilty to one count of leaving the scene of an accident and was convicted after a bench trial of a second count of leaving the scene of an accident arising from the same incident. He challenges the second conviction, claiming he left the scene of only one accident and could not therefore be twice convicted of the same offense. He also contends the trial court erred at sentencing by denying him a continuance and admitting improper evidence. Finding that only one offense occurred, we vacate the second conviction. But we find no abuse of discretion at sentencing. And, on the state's cross-appeal, we find no error in the trial court's permitting Powers to unilaterally plead guilty to only the first count.

## BACKGROUND

¶ 2 We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions. *State v. Riley*, 196 Ariz. 40, ¶ 2, 992 P.2d 1135, ¶ 2

(App.1999). According to the stipulated facts at trial, Powers accidentally drove into the opposite lane of travel and struck a pedestrian and her infant daughter, who was being pushed in a stroller. Although aware that the accident had likely caused injury, Powers drove away. As a result of the accident, the pedestrian died and her infant daughter suffered serious physical injuries.

¶ 3 Powers was charged with two counts of leaving the scene of an accident in violation of A.R.S. § 28–661: leaving the scene of an accident causing the pedestrian's death and leaving the scene of an accident causing the infant's serious physical injuries. Powers moved to dismiss the second count, arguing that he had left the scene of only one accident. The trial court denied the motion. Over the state's objection, Powers then pled guilty to the count involving the pedestrian, and the plea was accepted. Before trial on the count involving the infant, Powers requested reconsideration of his motion to dismiss that count. The trial court again rejected the motion. After a bench trial, the court found Powers guilty of the count involving the infant and sentenced him to concurrent, presumptive prison terms of 3.5 years. This appeal followed.

## DOUBLE JEOPARDY

¶ 4 Under § 28–661, a driver involved in an accident causing injury or death commits a felony by leaving the scene of the accident. The statute provides in pertinent part:

A. The driver of a vehicle involved in an accident resulting in injury to or death of a person shall:

1. Immediately stop the vehicle at the scene of the accident or as close to the accident scene as possible but shall immediately return to the accident scene.

2. Remain at the scene of the accident until the driver has fulfilled the requirements of [A.R.S.] § 28–663.

¶ 5 Powers contends there was only one accident scene, and therefore, the second count of leaving the scene of an accident was multiplicitous and barred by the prohibition against double jeopardy. Multiplicity occurs when an indictment charges a single offense in multiple counts. *State v. O'Brien*, 123 Ariz. 578, 582, 601 P.2d 341, 345 (App.1979); *see also United States v. Chacko*, 169 F.3d 140, 145 (2nd Cir.1999). Multiplicity raises the potential for multiple punishments, which implicates double jeopardy. *United States v. Brechtel*, 997 F.2d 1108, 1112 (5th Cir.1993); *United States v. Bin Laden*, 91 F.Supp.2d 600, 615 (S.D.N.Y.2000). The Double Jeopardy Clause bars a second prosecution for the same offense after conviction or acquittal and bars multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 497–98, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425, 432–33 (1984); *Taylor v. Sherrill*, 169 Ariz. 335, 338, 819 P.2d 921, 924 (1991); *see also State v. Eagle*, 196 Ariz. 188, ¶ 6, 994 P.2d 395, ¶ 6, *cert. denied*, 531 U.S. 839, 121 S.Ct. 102, 148 L.Ed.2d 60 (2000). We review de novo whether double jeopardy applies. *State v. Rodriguez*, 198 Ariz. 139, ¶ 3, 7 P.3d 148, ¶ 3 (App.2000); *see also Brechtel*, 997 F.2d at 1112 ("Like other determinations regarding double jeopardy, we review district court rulings on multiplicity claims de novo.").

¶ 6 Powers relies on *State v. Tinajero*, 188 Ariz. 350, 935 P.2d 928 (App.1997), to support his claim that only one accident occurred, involving two victims. In *Tinajero*, the defendant struck one vehicle containing three passengers and was convicted of three counts of leaving the scene of an accident. 188 Ariz. at 352–53, 935 P.2d at 930–31. Division One of this court vacated two of the convictions, finding there had only been one accident scene, regardless of the number of victims. *Id.* at 356, 935 P.2d at 934. The court described the offense as "geographical." *Id.*

¶ 7 Relying on *State v. Hamblin*, 165 Ariz. 211, 797 P.2d 1229 (App.1990), the state counters that Powers left the scene of two separate accidents, one involving the pedestrian and one involving the infant. In *Hamblin*, the defendant struck two pedestrians and, as part of a plea agreement that dismissed a negligent homicide count, pled guilty to two counts of leaving the scene of an accident. 165 Ariz. at 212, 797 P.2d at 1230. Division One of this court concluded that the defendant had been involved in two accidents, had breached duties owed to two

victims, and had properly received consecutive sentences. *Id.* at 213–14, 797 P.2d at 1231–32.

¶ 8 Whether one or more offenses occurred here requires us to interpret § 28–661. *See generally Tinajero*, 188 Ariz. at 355–56, 935 P.2d at 933–34. We review issues of statutory interpretation de novo. *State v. Malvern*, 192 Ariz. 154, ¶ 2, 962 P.2d 228, ¶ 2 (App.1998). In construing a statute, we attempt to ascertain and give effect to the legislature's intent. *State v. Wagstaff*, 164 Ariz. 485, 490, 794 P.2d 118, 123 (1990); *see also State v. Leon*, 197 Ariz. 48, ¶ 2, 3 P.3d 968, ¶ 2 (App.1999). We give clear and unambiguous statutory language its plain and ordinary meaning unless absurd consequences would result. *Wagstaff*, 164 Ariz. at 490, 794 P.2d at 123; *see also Leon*, 197 Ariz. 48, ¶ 2, 3 P.3d 968, ¶ 2. And we attempt to give unclear language a sensible construction. *Wagstaff*, 164 Ariz. at 490, 794 P.2d at 123. Moreover, we recognize that a judicial expansion of statutory language can violate a defendant's due process right to fair warning. *See Bouie v. City of Columbia*, 378 U.S. 347, 350–55, 84 S.Ct. 1697, 1701–03, 12 L.Ed.2d 894, 898–901 (1964); *Reinesto v. Superior Court*, 182 Ariz. 190, 193, 894 P.2d 733, 736 (App.1995) (expanding statutory language would "offend due process notions of fundamental fairness"); *Vo v. Superior Court*, 172 Ariz. 195, 200, 836 P.2d 408, 413 (App.1992) ("We may not expand the scope of a crime by judicial decision to punish a defendant for an act that was not criminal when it was performed."); *see also* A.R.S. ¶ 13–101(2) (public policy of state is "[t]o give fair warning of the nature of the conduct proscribed and of the sentences authorized upon conviction").

¶ 9 The plain and ordinary meanings of the terms "accident" and "scene of the accident" do not depend on the number of victims. As commonly understood, only one accident scene exists even though accidents often ·involve multiple victims and impacts.[1] In the absence of compelling reasons, therefore, we give these terms their plain and ordinary meaning. *See Wagstaff; Leon.*

¶ 10 The statute itself does not express any legislative intent to adopt a different meaning. Section 28–661 imposes an affirmative duty on a driver to remain "at the scene of the accident," not to render aid to victims or provide them with information.[2] Although ¶ 28–661(A)(2) requires the driver to remain at the scene "*until* the driver has fulfilled the requirements of § 28–663," (emphasis added), that clause only establishes when the duty to remain at the scene terminates, it does not impose a duty to fulfill the requirements. Rather, § 28–663 is the statute that imposes an affirmative duty to perform those obligations. And a failure to perform the obligations of § 28–663 is an offense in and of itself. § 28–663(B). Moreover, basing the number of violations of leaving the scene of an accident on the number of violations of § 28–663 would, in effect, increase without legislative directive the penalty for a violation of § 28–663 from a misdemeanor to a felony in leaving-the-accident-scene cases. *Compare* § 28–661(B), (C) *with* § 28–663(B).

¶ 11 In addition, the state also claimed at oral argument that the legislature, in specifying that the severity of the injury suffered determines the class of felony committed, intended to permit multiple violations of ¶ 28–661 at a single accident. Specifically, the state notes that leaving the scene of an accident resulting in death or serious physical injury is a class four felony and leaving the scene of an accident that does not result in death or serious physical injury is a class six felony. § 28–661(B) and (C). Thus, the state argues, if a defendant leaves the scene of an accident resulting in a serious physical injury to one person and a minor injury to another, the defendant has committed a class

---

1. Although it is not entirely clear from the record presented to us that Powers's vehicle actually struck the stroller, we view the evidence and reasonable inferences therefrom in the light most favorable to sustaining the conviction. *Riley*, 196 Ariz. 40, ¶ 2, 992 P.2d 1135, ¶ 2.

2. In contrast, offenses that permit a single act to result in multiple counts focus directly on the effects of a defendant's act on another person. *See, e.g., State v. Henley*, 141 Ariz. 465, 467–68, 687 P.2d 1220, 1222–23 (1984) (assault occurs when defendant causes injury to *another person;* firing one bullet can result in two separate injuries and can support two separate assaults).

four felony as to the first person and a class six felony as to the second.

¶ 12 First, we would hesitate to expand the ordinary and commonsense meaning of terms in a criminal statute based on inferential reasoning from the penalty provisions. *See Bouie,* 378 U.S. at 350–55, 84 S.Ct. at 1701–03, 12 L.Ed.2d at 898–901; *Reinesto,* 182 Ariz. at 193, 894 P.2d at 736. Second, we can interpret the penalty provisions consistently with the plain and ordinary meaning of the terms "accident" and "scene of the accident." *See Wagstaff,* 164 Ariz. at 490, 794 P.2d at 123. Section 28–661(B) provides that a driver who leaves the scene of an accident "resulting in death or serious physical injury ... is guilty of a class 4 felony." In contrast, § 28–661(C) provides that a driver who leaves the scene of an accident "resulting in an injury *other than* death or serious physical injury ... is guilty of a class 6 felony." (Emphasis added.) The two subsections are mutually exclusive. Therefore, under the clear language of § 28–661(B) and (C), a defendant is guilty of a class four felony if the accident involves death or a serious injury to any person, regardless of other injuries suffered by other individuals. The penalty subsections, therefore, do not support the state's argument.

¶ 13 Furthermore, our interpretation of the statutory language is supported by a principal objective of § 28–661, "prohibit[ing] drivers from seeking to evade civil or criminal liability by escaping before their identity can be established." *State v. Rodgers,* 184 Ariz. 378, 380, 909 P.2d 445, 447 (App.1995). That objective is satisfied by allowing only a single charge for each accident scene regardless of the number of victims. There is no further benefit in allowing fifteen felony counts of leaving the scene of an accident for an accident in which fifteen people are injured.

¶ 14 In addition, our conclusion is in accord with courts in other jurisdictions interpreting similar statutes. *See Dake v. State,* 675 So.2d 1365, 1368 (Ala.Crim.App.1995) (defendant "cannot be convicted separately for each

person injured ... as a result of an accident of which he left the scene"); *Hardy v. State,* 705 So.2d 979, 981 (Fla.App.1998), *quoting Hoag v. State,* 511 So.2d 401, 402 (Fla.App. 1987) (although he had injured people in two vehicles, defendant could only be convicted once because " 'there was but one scene of the accident and one failure to stop' "); *People v. Sleboda,* 166 Ill.App.3d 42, 116 Ill.Dec. 620, 519 N.E.2d 512, 522 (1988) (same); *Nield v. State,* 677 N.E.2d 79, 82 (Ind.App. 1997) ("In the context of vehicle collisions, we conclude that an 'accident' means the entirety of an occurrence that results from a common initiating event, regardless of whether more than two vehicles were involved."). *But see State v. Brown,* 547 S.W.2d 217, 220 (Mo.App.1977) ("[M]ultiple impacts give rise to multiple accidents.").

¶ 15 Therefore, we agree with the court in *Tinajero* that § 28–661, which refers to leaving "the scene of the accident" as a geographic offense, permits only one conviction for leaving one accident scene regardless of the number of persons injured or killed. *Tinajero,* 188 Ariz. at 356, 935 P.2d at 934. *See Dake,* 675 So.2d at 1367 (" '[L]eaving the scene of an accident' is not a crime against the person.").[3]

¶ 16 Applying our interpretation of § 28–661 to the facts here, only one offense occurred. Both victims were injured in one event at one location. Therefore, Powers left only one accident scene. *Tinajero.* Because there was only one accident scene and Powers was charged with the same offense twice, the indictment was multiplicitous. *See O'Brien,* 123 Ariz. at 582, 601 P.2d at 345. Powers could not be convicted a second time of the identical offense. Ariz. Const. art. II, § 10; *Tinajero; see Dake,* 675 So.2d at 1368; *see also State v. Jones,* 185 Ariz. 403, 916 P.2d 1119 (App.1995). Accordingly, we vacate Powers's second conviction for leaving the scene of an accident and the sentence imposed. *See Jones,* 185 Ariz. at 407–08, 916 P.2d at 1123–24.

---

3. Adopting this interpretation does not require that we disagree entirely with *Hamblin.* If a defendant pleads guilty to having left multiple accident scenes or if a trier-of-fact properly finds that a defendant has done so, a defendant can be found guilty of multiple violations of the statute.

**128**

### SENTENCING

▆ ¶ 17 Powers contends the trial court erred by refusing to grant him a continuance to allow his mitigation witness to testify at sentencing. We review the trial court's refusal for an abuse of discretion. *See State v. Quintana,* 92 Ariz. 308, 311, 376 P.2d 773, 775 (1962); *see also State v. Schackart,* 190 Ariz. 238, 254–55, 947 P.2d 315, 331–32 (1997); *State v. Willoughby,* 181 Ariz. 530, 547, 892 P.2d 1319, 1336 (1995).

▆ ¶ 18 Powers requested that sentencing be continued, claiming his mitigation witness, a psychologist, had been unable to conduct a follow-up evaluation because the psychologist had been out of town due to a family illness and could not appear at sentencing. "[T]he purpose of a pre-sentence hearing is to insure that the sentencing judge is fully informed as to the character of the individual to be sentenced and the circumstances of the crime." *State v. Ohta,* 114 Ariz. 489, 492, 562 P.2d 369, 372 (1977). Powers's attorney stated at sentencing that he expected the psychologist would have testified that Powers had a good prognosis because he had consistently attended intensive counseling sessions, had taken antidepressants, and was not exhibiting signs of depression while not taking antidepressants. In addition to these statements, much of this information was also included in a report from Powers's Pretrial Services case manager. And the trial court acknowledged that it "was aware of progress that [Powers] has made since the time of the offense." Powers has failed to show that the psychologist's testimony would have added anything to the information the trial court already possessed. Accordingly, Powers has failed to show any prejudice from the denial of the continuance, and therefore, we find no abuse of discretion. *See id.* (no error in denying sentencing continuance when defendant had

not planned to present evidence not already being considered).

▆ ¶ 19 Powers also contends the trial court erred at sentencing in admitting "emotional testimonials and evidence regarding the deceased" from the pedestrian's family and a friend. We need not consider whether this information was admissible because, even if it was improperly received,[4] there is no sentencing error unless the trial court was improperly influenced by it. *See State v. Mann,* 188 Ariz. 220, 228, 934 P.2d 784, 792 (1997); *State v. Bolton,* 182 Ariz. 290, 315–16, 896 P.2d 830, 855–56 (1995); *cf. State v. Warren,* 124 Ariz. 396, 402, 604 P.2d 660, 666 (App.1979) (admission of improper evidence in bench trial does not require reversal because, unless it appears otherwise, appellate court will assume trial judge only considered competent evidence).

▆ ¶ 20 "Absent proof to the contrary, the trial judge … must be presumed to be able to focus on the relevant sentencing factors and to set aside the irrelevant, the inflammatory, and the emotional factors." *State v. Beaty,* 158 Ariz. 232, 244, 762 P.2d 519, 531 (1988). *See also Mann,* 188 Ariz. at 228, 934 P.2d at 792; *State v. Gulbrandson,* 184 Ariz. 46, 66, 906 P.2d 579, 599 (1995). The trial court specifically stated that "the defendant is not being sentenced today for causing a tragic accident that took the life of [the pedestrian], … nor is he being sentenced for the physical injuries sustained in the accident by [the infant]." And the trial court found aggravating factors unrelated to the pedestrian's death and the infant's injuries. Moreover, the trial court imposed presumptive sentences, which the legislature has deemed to be the appropriate sentence for the offense. *See generally State v. Thurlow,* 148 Ariz. 16, 19–20, 712 P.2d 929, 932–33 (1986) (presumptive sentence is sentence "to be imposed on the vast majority of first offenders"). Because the record supports

---

4. The state did not argue that members of the pedestrian's family were victims. *But see* Ariz. Const. art. II, § 2.1(A)(4) and (C); A.R.S. §§ 13–4401(6) and (18) and 13–4426(A); *State ex rel. Romley v. Superior Court,* 184 Ariz. 409, 410–11, 909 P.2d 476, 477–78 (App.1995) (although defendant argued that aggravated driving under the influence is a "victimless" crime, person whose

car was damaged in accident with alleged intoxicated driver could invoke Victims' Bill of Rights); *see also State ex rel. McDougall v. Superior Court,* 186 Ariz. 218, 220, 920 P.2d 784, 786 (App.1996) (defendant convicted of leaving the scene could be required to pay restitution for injuries from underlying accident if act of leaving aggravates injuries).

the presumption that the trial court was not improperly influenced by the testimonials, there was no reversible error in receiving them. *See Mann; Bolton; Gulbrandson.*

¶ 21 Finally, Powers argued for the first time at oral argument that we should remand for resentencing because, by vacating one of the convictions, we have "unbundled" the trial court's "sentencing package." The essence of this argument is that the trial court imposed concurrent, presumptive sentences because there were two convictions and that the trial court would have imposed a lesser sentence if there had been only one conviction. Arguments raised for the first time at oral argument are waived. *See State v. Rossi*, 171 Ariz. 276, 281, 830 P.2d 797, 802 (1992) (argument waived when raised for the first time in supplemental citation of legal authority submitted after briefing and before oral argument); *see also State v. Doolittle*, 155 Ariz. 352, 357, 746 P.2d 924, 929 (App.1987) (argument first raised in reply brief is waived). Moreover, remanding this case for resentencing is unnecessary because, having reviewed the record and having considered the fact that Powers, essentially, received a single, presumptive sentence, it is clear that the trial court would have imposed the same sentence even if Powers had only been convicted of one count of leaving the scene. *Cf. State v. Ojeda*, 159 Ariz. 560, 561, 769 P.2d 1006, 1007 (1989) ("[I]f the judge relies on inappropriate factors and it is unclear whether the judge would have imposed the same sentence absent the inappropriate factors, the case must be remanded for resentencing.").

### CROSS-APPEAL

¶ 22 The state cross-appeals from the trial court's acceptance of Powers's guilty plea to one count of leaving the scene of the accident. We find no basis to preclude Powers from unilaterally entering a guilty plea to part of the indictment. The state cites authority establishing that it has the right to decide which charges to file and whether to offer a plea agreement.[5] But those cases are inapposite because the state determined which charges to file and because the guilty plea was not made pursuant to a plea agreement. The state also contends Powers's guilty plea to part of the indictment was a "backdoor" method of severing the charges. But the charges were not severed for trial; Powers simply pled guilty to one of the offenses. Finally, the state contends the trial court's acceptance of Powers's guilty plea to one count permitted him to assert a double jeopardy violation on the other. But Powers's double jeopardy claim arises because the state issued a multiplicitous indictment, not because Powers pled guilty.[6] Moreover, because Powers pled guilty to one count of the offense and we have found the second count of the same offense barred because it was multiplicitous, the state has suffered no damage; Powers was convicted of the offense. The trial court, therefore, did not err in accepting Powers's plea of guilty to part of the indictment.

### CONCLUSION

¶ 23 Powers's conviction and the sentence imposed on count one of leaving the scene of an accident is affirmed. Powers's conviction and the sentence imposed on count two of leaving the scene of an accident is vacated.

ESPINOSA, C.J., and DRUKE, J., concurring.

---

5. *State v. Hankins*, 141 Ariz. 217, 221, 686 P.2d 740, 744 (1984); *State v. Gooch*, 139 Ariz. 365, 367, 678 P.2d 946, 948 (1984); *State v. Rodriguez*, 158 Ariz. 69, 70–71, 761 P.2d 143, 144–45 (App.1988).

6. Had Powers pled guilty to a lesser-included offense that was part of the indictment, double jeopardy would not have attached to bar prosecution of the greater offense. *Johnson*, 467 U.S. at 501–02, 104 S.Ct. at 2542, 81 L.Ed.2d at 435; *see also State ex rel. Dean v. Hantman*, 169 Ariz. 414, 416–17, 819 P.2d 1000, 1002–03 (App. 1991).