26 P.3d 1134

**STATE of Arizona, Appellee/Cross–Appellant.**

v.

**Dustin Ryan POWERS, Appellant/Cross–Appellee.**

No. CR–01–0089–PR.

Supreme Court of Arizona,
En Banc.

July 12, 2001.

Janet Napolitano, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section, Phoenix, and Joseph L. Parkhurst, Assistant Attorney General, Tucson, Attorneys for the State of Arizona.

Hirsh, Bjorgaard & Rogers, P.L.C., by David L. Bjorgaard, Tucson, Attorneys for Dustin Ryan Powers.

## OPINION

MARTONE, Justice.

¶ 1 We are asked to decide whether the number of accident scenes under A.R.S. § 28–661 is defined by the number of victims affected by the accident.

### I.

¶ 2 Martha Grinder was jogging on the side of a road while pushing her infant daughter Rollie in a stroller. Dustin Ryan Powers was driving a pickup truck along the same road and lost control when he reached down to adjust his CD player. Powers' truck struck Martha and Rollie Grinder, killing Martha and leaving Rollie seriously injured. Powers continued driving.

¶ 3 Powers was charged with two counts of violating A.R.S. § 28–661.[1] Under the statute, a driver who causes an accident resulting in death or serious physical injury and who fails to stop or who stops but fails to comply with A.R.S. § 28–663 [2] is guilty of a class 3

---

1. A.R.S. § 28–661(A) provides:
   A. The driver of a vehicle involved in an accident resulting in injury to or death of a person shall:
   1. Immediately stop the vehicle at the scene of the accident or as close to the accident scene as possible but shall immediately return to the accident scene.

2. Remain at the scene of the accident until the driver has fulfilled the requirements of § 28–663.

2. A.R.S. § 28–663–provides:
   A. The driver of a vehicle involved in an accident resulting in injury to or death of a person ... shall:

felony. Powers pled guilty to the first count and moved to dismiss the second count, arguing that the second count was multiplicitous and a violation of due process and double jeopardy. The trial court, relying on *State v. Hamblin*, 165 Ariz. 211, 797 P.2d 1229 (App. 1990), denied the motion to dismiss. After a bench trial on the second count, the court found Powers guilty and sentenced him to two concurrent 3.5 year prison terms.

¶ 4 Powers appealed, arguing that *State v. Tinajero*, 188 Ariz. 350, 935 P.2d 928 (App. 1997), provides the appropriate analysis of A.R.S. § 28–661. The court of appeals agreed and vacated Powers' second conviction and sentence. *State v. Powers*, 200 Ariz. 123, 23 P.3d 668 (App.2001). We granted review to resolve the conflict in the opinions of the court of appeals. Rule 31.19(c)(3), Ariz. R.Crim. P.

## II.

¶ 5 We first examine the Division One cases upon which the parties rely. Hamblin struck two pedestrians with his pickup truck, leaving one dead and one injured. *Hamblin*, 165 Ariz. at 212, 797 P.2d at 1230. He pled guilty to two counts of leaving the scene of an accident, A.R.S. § 28–661, in return for dismissal of a negligent homicide charge, but then appealed his convictions as multiplicitous. The court upheld the convictions because it found that there were two victims and, therefore, two accident scenes. *Id.* at 213, 797 P.2d at 1231.

¶ 6 Tinajero struck another car, killing the driver and injuring two passengers. *Tinajero*, 188 Ariz. at 352, 935 P.2d at 930. He was convicted of three felony counts of leaving the scene of an accident. The court of appeals vacated two of the convictions and distinguished *Hamblin* by suggesting that when multiple victims are in a single vehicle, there is a single accident scene. *Tinajero*, 188 Ariz. at 356, 935 P.2d at 934.

¶ 7 Division Two of the court of appeals was confronted with these conflicting analyses in the instant case. Relying on its own analysis of the statute, the court found that "[t]he plain and ordinary meanings of the terms 'accident' and 'scene of the accident' do not depend on the number of victims." *Powers*, 123 Ariz. at 204, 23 P.3d at 672. We agree.

■ ¶ 8 The plain language of A.R.S. § 28–661 makes it a crime to leave the scene of an accident. Nothing in the statute's language refers to accident victims—the focus is on the scene of an accident. The court of appeals noted:

> Section 28–661 imposes an affirmative duty on a driver to remain "at the scene of the accident," not to render aid to victims or provide them with information. Although § 28–661(A)(2) requires the driver to remain at the scene "*until* the driver has fulfilled the requirements of § 28–663," (emphasis added), that clause only establishes when the duty to remain at the scene terminates.

*Id.* at 203, 23 P.3d at 671 (footnote omitted).

■ ¶ 9 The primary purpose of A.R.S. § 28–661 is to "prohibit drivers from seeking to evade civil or criminal liability by escaping before their identity can be established." *State v. Rodgers*, 184 Ariz. 378, 380, 909 P.2d 445, 447 (App.1995). That purpose is scene-related, not victim-related. Of course, the number of victims harmed does matter for the other offenses committed at the same time. Criminal responsibility for offenses apart from the driver's failure to stop at the scene can be pursued through separate charges addressing each victim (e.g., assault, manslaughter, endangerment).

## III.

¶ 10 The number of accident scenes under A.R.S. § 28–661 is not defined by the number of victims affected by the accident. Thus, we approve of the opinion of the court of appeals. Insofar as *Hamblin* and *Tinajero* suggest otherwise, we disapprove them.

---

1. Give the driver's name and address and the registration number of the vehicle the driver is driving.
2. On request, exhibit the person's driver license to the person struck. . . .

3. Render reasonable assistance to a person injured in the accident. . . .
B. A person who fails to comply with this section is guilty of a class 3 misdemeanor.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, STANLEY G. FELDMAN, Justice, RUTH V. McGREGOR, Justice.