NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ROY OLSEN, JR., *Appellant.*

No. 1 CA-CR 14-0550
FILED 7-28-2015

Appeal from the Superior Court in Maricopa County
CR2013-112244-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Droban & Company, P.C., Anthem
By Kerrie M. Droban
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**G E M M I L L**, Judge:

¶1 Roy Olsen, Jr. appeals from his convictions and sentences for one count of possession of dangerous drugs for sale, a class 2 felony, and one count of possession of drug paraphernalia, a class 6 felony. Olsen's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Olsen was afforded the opportunity to file a *pro se* supplemental brief, and he has done so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

¶3 On March 14, 2013, around 11:15 p.m., a Phoenix police officer attempted to pull over Olsen because he was driving a vehicle with an expired license plate. The officer pursued Olsen for multiple blocks, first initiating the lights on the patrol vehicle and then the siren because Olsen failed to stop. When the vehicle stopped, the officer placed Olsen under arrest for failure to stop. Upon searching Olsen, the officer discovered a small baggie containing methamphetamine. Later, during an inventory search of the vehicle, officers discovered three more baggies containing methamphetamine, two small scales, and hypodermic needles. The total weight of the four bags of methamphetamine was 101.43 grams.

¶4 In May 2014, a jury found Olsen guilty of possession of dangerous drugs for sale, a class 2 felony, and possession of drug paraphernalia, a class 6 felony. The trial court then conducted a hearing on aggravating circumstances. The jury found as an aggravating circumstance beyond a reasonable doubt that Olsen committed the offenses as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value. Additionally, Olsen admitted to having nine prior felony convictions, and as a result the court found that he was a category three repeat offender.

¶5 At the sentencing hearing, the court weighed the aggravating circumstance and various mitigating circumstances. Olsen was sentenced

to a mitigated term of thirteen years for the possession of drugs for sale conviction and three years for the drug paraphernalia conviction, and the court ordered the terms to be served concurrently. The court gave Olsen credit for 87 days of presentence incarceration. Olsen filed a timely notice of appeal. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

¶6          In his supplemental brief, Olsen cites the portions of the record where he made a Rule 20 motion and six objections during the trial. *See* Ariz. R. Crim. P. 20. Olsen does not make any specific argument in regard to the trial court's rulings on these matters nor does he cite any law that would indicate the court abused its discretion, and this may constitute a waiver of any argument on these rulings. *See* Ariz. R. Crim. P. 31.13(c)(1)(vi) ("[A]ppellant's brief shall include . . . [a]n argument which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on."); *see also State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citations omitted). Even setting potential waiver aside, this court has reviewed the record and determined that the trial court did not abuse its discretion when it ruled on Olsen's objections. *See State v. Hampton,* 213 Ariz. 167, 178, ¶ 45 (2006) (trial court's decision to admit evidence will not be disturbed on appeal absent abuse of discretion). Additionally, substantial evidence was presented to support the jury's verdict on each count, and thus the court's denial of Olsen's Rule 20 motion was proper. *See State v. Fulminante,* 193 Ariz. 485, 493, ¶ 24 (1999) (directed verdict of acquittal warranted only in absence of substantial evidence).

¶7          Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, Olsen was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶8          Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Olsen of the disposition of the appeal and his future options,

unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Olsen has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶9 The convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama