NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DEBRA ELLEN HUNSAKER, *Appellant.*

No. 1 CA-CR 15-0160
FILED 2-11-2016

---

Appeal from the Superior Court in Mohave County
No. S8015CR201400307
The Honorable Steven F. Conn, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**G E M M I L L**, Judge:

**¶1**         Debra Ellen Hunsaker ("Hunsaker") appeals from her convictions and sentences for one count of possession of drug paraphernalia involving methamphetamine, a class 1 misdemeanor,[1] and one count of possession of dangerous drugs, a class 4 felony. Hunsaker's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Hunsaker was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001). Hunsaker resided in Lake Havasu City, Arizona with her boyfriend Franklin Benedict, her son Stacy Hakes ("Hakes"), and her son's girlfriend Ashley Foss. On February 26, 2014, Lake Havasu Police Officer T.T. executed a search warrant at Hunsaker's residence as part of an investigation focused on Hakes as a possible seller of heroin. Hunsaker was not initially a subject of the investigation.

**¶3**         After Officer T.T. read Hunsaker her *Miranda*[2] rights at the residence, she agreed to speak with him. She told Officer T.T. that there was a meth pipe in her bedroom that belonged to Hakes. Hunsaker stated that she did not use drugs and that Hakes had placed the meth pipe in her nightstand drawer. After searching the bedroom, the police found the pipe, as well as usable quantities of marijuana and methamphetamine. Hunsaker denied knowing the drugs were in her bedroom.

**¶4**         When Officer T.T. confronted Hakes about Hunsaker's possible drug use, Hakes agreed that she was using meth. At trial, Hakes denied saying this and testified that he had never seen Hunsaker use drugs. Officer T.T. testified that it was "very clear" that Hakes previously agreed

---

[1] Although it is often classified as a Class 6 Felony, the court ordered that the paraphernalia charge in this case be designated as a misdemeanor.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

that Hunsaker was using drugs.

¶5        Hunsaker was charged with possession of methamphetamine, marijuana, and drug paraphernalia based on the items found in her bedroom. When interviewed again at the police station, Hunsaker stated that she found the meth pipe on the backyard patio and that she was the one who placed it in the nightstand drawer. She admitted that she had used meth within the previous year and a half.

¶6        Hakes testified that he moved in with Hunsaker because of his substance abuse issues. He stated Hunsaker had a habit of either hiding or disposing of his drugs and pipes, especially when his daughter was scheduled to come over for the weekend. When he would confront her, often resorting to physical threats, Hunsaker would frequently give the drugs back to him.

¶7        Although Hakes initially told police that he put the pipe in Hunsaker's bedroom, he later denied moving the pipe. At trial, Hakes explained that he meant Hunsaker had likely taken the pipe and put it in her bedroom in order to confront him with it later. Hakes stated that Hunsaker could have found his meth pipe either in his dresser or on the backyard patio.

¶8        Hunsaker testified that she had consistently tried to get Hakes to stop using drugs. She stated that she often searched Hakes's room before his daughter came over on weekends. Hunsaker claimed that on the day of the police investigation, she came home during her lunchbreak and found the meth pipe on the backyard patio table. She put the meth pipe in the nightstand drawer next to her bed.

¶9        The eight-member jury convicted Hunsaker of both possession of methamphetamine and possession of drug paraphernalia involving methamphetamine, and acquitted her of the marijuana-related charges. Hunsaker was sentenced to two concurrent terms of probation with standard terms, community service, fines, surcharges, and fees, as well as additional community service and jail time to be served upon recommendation of the probation officer. Hunsaker was credited for two days served in jail.

¶10 Hunsaker appeals her convictions and sentences. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

¶11 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the convictions and the sentences imposed fall within the ranges permitted by law. As far as the record reveals, Hunsaker was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with her constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶12 Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Hunsaker of the disposition of the appeal and her future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Hunsaker has thirty days from the date of this decision in which to proceed, if she desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶13 Hunsaker's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama