NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JON LAMARR GARY, *Petitioner*.

No. 1 CA-CR 15-0797 PRPC
FILED 5-30-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-103400-001 DT
The Honorable Justin Beresky, Judge Pro Tem

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Jon Lamarr Gary, Tucson
*Petitioner Pro per*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**T H O M P S O N**, Judge:

¶1        Petitioner Jon Lamarr Gary petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2        In 2011, Gary was before the superior court on two separately charged cases and was represented by different counsel on each case. In the instant case, the state indicted Gary on five counts of child abuse committed against his eleven-year-old niece.[1] Gary entered into a written plea agreement and pleaded guilty to amended count 1, attempted child abuse, a class 3 felony and dangerous crime against children, and amended[2] count 2, child abuse, a class 4 felony. In the ancillary case, Gary also entered into a written plea admitting guilt to committing aggravated assault, a class 4 felony and domestic violence offense against his girlfriend.[3] As a term of the plea agreement, Gary agreed to "testify truthfully in the case of *State v. Croom*, CR 2011-103173, his testimony being consistent with his statement given." Trial counsel provided a factual basis for the plea which the state supplemented and Gary agreed was correct. The superior court accepted

---

[1]        The instant case arises out of Maricopa County Superior Court cause number CR2011-103400-001 DT. Count 1 alleged intentional or knowing conduct which caused an injury to the liver likely to produce death or serious physical injury. Count 2 alleged intentional or knowing conduct which caused an injury to an adrenal gland under circumstances other than those likely to produce death or serious physical injury.

[2]        While the plea agreement indicates that the count was amended, there does not appear to be an actual amendment to the count.

[3]        Maricopa County Superior Court cause number CR2011-005966-001 DT.

the factual basis. The court sentenced Gary to an aggregate term of two years' imprisonment and a lifetime probation tail.

¶3 In January of 2013, Gary's probation officer filed a petition to revoke his probation. Gary admitted to violating a condition of probation and the superior court continued Gary on probation with intensive probation terms and ordered Gary to be incarcerated for two months. Then, in December 2013, Gary's probation officer filed a second petition to revoke Gary's probation. Gary again admitted to violating a condition of probation. The superior court revoked Gary's probation grant and committed Gary to a ten-year term of imprisonment.

¶4 At disposition, Gary's probation violation counsel alerted the superior court to what she perceived to be a "serious error" in the trial case. Probation violation counsel was concerned that Gary should have received a concurrent sentence, and that a probation tail may have been illegal. The state argued that any deficiency in the original plea agreement was best addressed through a petition for post-conviction relief asserting a claim of ineffective assistance of counsel. Gary filed a notice of post-conviction relief and the superior court appointed counsel.

¶5 Post-conviction relief counsel filed a notice of completion of post-conviction review finding no colorable claims and requested a forty-five-day extension of time to allow Gary to file a pro per petition for post-conviction relief. Gary filed a pro-per petition for post-conviction relief claiming he was eligible for relief because he was denied the constitutional right to representation by a competent lawyer at every critical stage of the proceeding, that his right not to be placed twice in jeopardy for the same offense was violated, and that newly discovered material could require the court to vacate the conviction or sentence. Gary argued that A.R.S. § 13-116 was violated because he was punished twice for "facts constituting a single act. One act of assault resulted in two separate counts." Gary erroneously listed both cause numbers he pleaded to in September of 2011 as a part of his argument. The superior court dismissed Gary's petition for post-conviction relief.

¶6 On review, Gary maintains his claim that his probation violation counsel provided ineffective assistance. His allegation is founded upon his belief that he has been committed to serve two sentences for a single crime. Gary captioned his petition for post-conviction relief, his "Rule 32 Response to State's Motion," and petition for review with the two case numbers he had pending in 2011. Perhaps Gary is under the mistaken impression that the most recent 10-year sentence in Maricopa County

Superior Court cause CR2011-103400-001 DT is an additional sentence to the sentence imposed on Maricopa County Superior Court cause CR2011-005966-001 DT. This, however, is not the case and the record is clear in that regard.

¶7        A double jeopardy claim on the instant case is without merit under Arizona Rule of Criminal Procedure 32.2 and both the Arizona and United States Constitutions. The disposition at issue follows a second probation violation. Therefore, a claim regarding the original probation grant is not appropriately raised in this manner. Gary had the opportunity to petition the superior court for post-conviction relief on the underlying substantive case and chose not to do so. Gary opted not to raise a similar claim after his first admission to violating probation.

¶8        A factual basis for a plea agreement may be ascertained from the extended record. *State v. Sodders*, 130 Ariz. 23, 25, 633 P.2d 432, 434 (App. 1981). This includes presentence reports, transcripts from preliminary hearings, proceedings before the grand jury, and other sources. *Id.* The double jeopardy clauses of the Arizona and United States Constitutions provide the same basic protection and prohibit "multiple punishments for the same offense." *State v. Powers,* 200 Ariz. 123, 125, ¶ 5, 23 P.3d 668, 670 (App. 2001), *aff'd,* 200 Ariz. 363, 26 P.3d 1134 (2001). In determining what is the "same offense," Arizona courts look at the result of the criminal act rather than the act itself. *State v. Gunter,* 132 Ariz. 64, 69, 643 P.2d 1034, 1039 (App. 1982). A review of the record indicates that Gary caused his niece several injuries and that those injuries were sustained after multiple individual acts of violence committed against her.

¶9        With respect to Gary's claim of ineffective assistance of probation violation counsel, Gary argues that counsel did not protect him from being punished twice for the same offense. He claims counsel was unprepared at disposition and that she failed to investigate his case. A thorough review of the record does not support Gary's claims. At the probation violation hearing, counsel was accompanied by original trial counsel who assisted her in arguing on Gary's behalf. The record demonstrates that while counsel claimed that she was unfamiliar with the underlying substantive case, she argued for a continuance to further explore the propriety of the underlying probation tail.[4] When she was unsuccessful in her request, she raised the issue of double jeopardy. To state a colorable claim of ineffective assistance of counsel, a defendant must

---

[4]        Probation violation counsel also represented Gary in his first probation violation case.

show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985) (internal citation and quotation omitted) ("First, the defendant must show that counsel's performance was deficient. According to the [United States Supreme Court] deficient performance is falling 'below an objective standard of reasonableness.'"). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the trial court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985) (citation omitted). Gary fails to raise a colorable claim of ineffective assistance of counsel. He does not substantiate a successful claim on either of the *Strickland* prongs. He has not demonstrated that probation violation counsel's representation was deficient or that he was prejudiced by her representation.

¶10     Therefore, while we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA