NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JAY KENNETH LAWLER, *Appellant*.

No. 1 CA-CR 20-0514

FILED 08-06-2024

---

Appeal from the Superior Court in Mohave County
No. S8015CR201901412
The Honorable Douglas Camacho, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Mohave County Legal Advocate, Kingman
By Jill L. Evans
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Vice Chief Judge Randall M. Howe delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Michael J. Brown joined.

_____

**H O W E**, Judge:

¶1        Jay Kenneth Lawler appeals his convictions and sentences for luring and aggravated luring of a minor for sexual exploitation, attempted sexual exploitation of a minor, and attempted sexual conduct with a minor. We affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        We review the facts in the light most favorable to sustaining the verdicts. *See State v. Guerra,* 161 Ariz. 289, 293 (1989). Detective Brennan Cassidy of the Mohave County Sheriff's Office created a fictional profile for "Destiny Harris," and posted it on an internet dating application. The profile indicated that Destiny was 18 years old. The following day, Lawler sent a text message to the phone number provided in the profile and explained he was looking for a "sex buddy." Detective Cassidy—posing as Destiny—responded, and a text conversation ensued.

¶3        During that conversation, Destiny informed Lawler that she was 13 years old, not 18 as posted in the profile. In response, Lawler stated that he "wish[ed]" Destiny was 18 so she "would be legal," and he asked for pictures of her. Detective Cassidy sent photographs of his co-worker, an "undercover decoy," who was 13 years old at the time the pictures were taken. Lawler then requested a picture of Destiny's bare breasts and vagina.

¶4        The conversation turned to Destiny's sexual history, and Lawler asked her if she would perform oral sex on him. When Destiny responded, "Oh I can try is it big[,]" Lawler sent her pictures of his exposed penis. Lawler then texted, "Well if you cant [sic] handle me atleast [sic] you'll enjoy my tongue."

¶5        Lawler eventually proposed meeting in person the next day. Destiny agreed to do so. The following day, Detective Cassidy arrested Lawler in the parking lot outside the restaurant where he had planned to meet Destiny. Officers found condoms and other items associated with sexual intercourse in Lawler's possession.

¶6        The State charged Lawler with luring and aggravated luring of a minor under the age of 15 for sexual exploitation, class 3 and 2 felonies respectively and dangerous crimes against children; attempted sexual exploitation of a minor under the age of 15, a class 3 felony and dangerous crime against children; and attempted sexual conduct with a minor under the age of 15, a class 3 felony and dangerous crime against children. The luring charge was based on Lawler's solicitation of oral sex by asking Destiny if she would perform oral sex on him. The aggravated luring count was based on Lawler's sending, via an electronic device, Destiny pictures of his penis before texting her "You'll enjoy my tongue." The jury found Lawler guilty as charged, and the trial court imposed consecutive mitigated prison sentences totaling 35 years. Lawler timely appealed, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A).

**DISCUSSION**

**I.        Photographs**

¶7        Lawler argues that the trial court erred by admitting records of the text messages exchanged between himself and Detective Cassidy because these records included pictures of the decoy officer, claiming that the images (but not the texts messages themselves) lacked authentication. According to Lawler, the State provided no credible evidence that the images depicted minors under the age of 15. *See* Ariz. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."). Noting that Cassidy testified that the decoy told him she was 13 in the photographs, Lawler contends Cassidy's testimony in that regard was inadmissible hearsay and violated his rights under the Confrontation Clause.

¶8        Lawler did not object to the pictures at trial. He is therefore not entitled to relief absent fundamental error, which requires him to prove either both error and resulting prejudice or that the error "was so egregious that he could not possibly have received a fair trial." *State v. Escalante*, 245 Ariz. 135, 140, 142 ¶¶ 12, 21 (2018).

¶9        Lawler fails to sufficiently establish either prejudice or egregious error resulting from admission of the images. Specifically, Lawler presumes the images constituted the only evidence showing that he knew, or should have known, Destiny was younger than 15. *See* A.R.S. §§ 13 -3554(A) ("A person commits luring a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or

3

having reason to know that the other person is a minor"), -3560(A) (a person commits aggravated luring of a minor by transmitting a harmful visual depiction as part of an offer or solicitation of sexual conduct with "a recipient who the person knows or has reason to know is a minor"); *State v. Curry*, 187 Ariz. 623, 627 (App. 1996) ("[T]o commit an 'attempt' a defendant must have an intent to perform acts *and* to achieve a result which, if accomplished, would constitute the crime."). But Destiny expressly informed Lawler that she was 13 years old, and Lawler's responses indicate he believed her. Given the evidence of that text exchange, the record does not support Lawler's speculation regarding the pictures' prejudicial impact. His claim of reversible error, therefore, fails. *See State v. Dickinson*, 233 Ariz. 527, 531 ¶ 13 (App. 2013) ("[A defendant] must affirmatively prove prejudice and may not rely upon speculation to carry his burden [of establishing reversible fundamental error]." (internal quotation marks omitted)).

## II.    Multiplicity

**¶10**          Lawler argues that the State improperly charged him with multiplicitous counts of luring and aggravated luring because they were based on a single conversation that should be treated as one offer or solicitation for sexual conduct and luring is a lesser-included offense of aggravated luring. *See State v. Powers,* 200 Ariz. 123, 125 ¶ 5 (App. 2001) ("Multiplicity occurs when an indictment charges a single offense in multiple counts . . . [and] raises the potential for multiple punishments, which implicates double jeopardy."). Based on the consecutive sentences imposed, Lawler contends his conviction for luring a minor for sexual exploitation violates double jeopardy and should be vacated. *See id.* ("The Double Jeopardy Clause bars . . . multiple punishments for the same offense."); *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 362–63 ¶ 10 (App. 1998) ("When a person is convicted of an offense, the prohibition against double jeopardy protects against further prosecution for that or any lesser -included offense.").

**¶11**          Lawler's argument fails for two reasons. First, to convict Lawler of luring, the State was required to prove that he lured "a minor for sexual exploitation by offering or soliciting sexual conduct with another person knowing or having reason to know that the other person is a minor or a person posing as a minor." A.R.S. § 13–3554(A). To convict Lawler of aggravated luring, however, the State was required to prove not only the elements of luring, but also that with knowledge of the "character and content of the depiction," he used an electronic device to transmit material that is harmful to minors. A.R.S. § 13–3560(A)(1). Lawler violated A.R.S. §

13-3554, the luring statute, because he solicited oral sex by asking Destiny if she would perform oral sex on him. And he separately violated A.R.S. § 13-3560, the aggravated luring statute, because, using an electronic device, he sent Destiny pictures of his penis before texting her "You'll enjoy my tongue." Because aggravated luring requires proof of facts that luring does not, the luring and aggravated luring counts are not multiplicitous. *Merlina v. Jejna*, 208 Ariz. 1, 4 ¶ 12 (App. 2004) ("Offenses are not the same, and therefore not multiplicitous, if each requires proof of a fact that the other does not.").

¶12            Second, even if luring can be a lesser-included offense of aggravated luring, Lawler's convictions are constitutional because they are each based on different conduct. In *State v. Moninger*, our supreme court explained that A.R.S. § 13-3554, "has been violated multiple times when (1) different types of sexual conduct are offered or solicited or (2) offers or solicitations are directed at more than one victim." CR-21-0239-PR, 2024 WL 3515086, *4 ¶ 21 (Ariz. July 24, 2024). It therefore held that a defendant can violate A.R.S. § 13-3554 multiple times if different types of sexual conduct are offered or solicited even if the solicitation occurred during a single conversation. *See id* at *5, *6 ¶¶ 26, 31. Such a defendant can be sentenced for each violation without raising any double jeopardy issues. *Id.* at *6 ¶ 31.

¶13            Here, Lawler committed luring multiple times because he solicited different types of sexual conduct from Destiny. He first solicitated oral sex on him by asking Destiny if she would perform oral sex on him. He then solicitated oral sex on Destiny by sending her pictures of his penis and texting her "[Y]ou'll enjoy my tongue." Because the evidence shows that Lawler separately solicited different kinds of sexual conduct, Lawler's convictions do not violate double jeopardy.

## CONCLUSION

¶14            Lawler's convictions and sentences are affirmed.

