NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

ADAN PEREZ MORENO, *Appellant.*

No. 1 CA-CR 14-0247
FILED 3-26-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2012-163898-001
The Honorable Rosa Mroz, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Lawrence F. Winthrop joined.

---

**G E M M I L L**, Judge:

¶1          Adan Perez Moreno appeals from his convictions and sentences for five counts of sexual misconduct with a minor, Class 6 felonies, and one count of molestation of a child, a Class 2 felony and a dangerous crime against children. Moreno's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Moreno was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). For the following reasons, we affirm Moreno's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY

¶2          "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2, 23 P.3d 668, 669 (App. 2001). This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031 and 13-4033 (2010).[1]

¶3          R.P. first met Moreno, her mother's then-boyfriend, when R.P.was seven years old. R.P. was at first apprehensive of Moreno as she did not want anyone to replace her dad. After about a year, R.P. started to like Moreno because he was nice to her and treated her as his daughter. The first incident of sexual abuse by Moreno occurred when R.P. was 13 years old. Moreno had R.P. sit on his lap and rubbed her vagina over her clothing. Moreno later apologized to R.P. and stated that she was too young for him to be doing that to her. This abuse stopped for a few days, then happened twice more before it stopped for a longer period of time.

¶4          The sexual abuse resumed after the family moved to another apartment. Moreno began touching R.P.'s breasts when she was washing dishes and her mother was not present. This happened several times when R.P. was between 14 and 15 years old. The next incident happened after R.P.'s mother was in the hospital after giving birth to R.P.'s younger brother. Moreno offered R.P. $20 to see her naked and then tried to take

---

[1]          We cite the current version of applicable statutes when no revisions material to this decision have occurred since the events in question.

her pants off after she said no. R.P. began crying and Moreno promised her that such incidents would no longer occur. Then, when R.P. was 16 years old, Moreno performed oral sex on her.

¶5 When Moreno again attempted to get R.P. to remove her clothes, she confronted him, stating that she would tell her parents. In response, Moreno threatened that he would do something to her family in Mexico if she reported him. Moreno then took R.P. into a closet and forced her to have vaginal intercourse with him. In the months to come, Moreno continued to force oral sex on her. Moreno also forced anal sex on R.P. while she was holding her baby brother.

¶6 After R.P. reported the abuse to the police, the police had her place a recorded phone call to the defendant. When confronted about the sexual abuse, Moreno apologized without explicitly admitting to the abuse, stated that he would leave the house, and pleaded with R.P. to return home.

¶7 A jury found Moreno guilty of five counts of sexual conduct with a minor and one count of child molestation. Moreno was sentenced to a total of 26 years imprisonment, including four consecutive sentences of 1.5 years pursuant to the charges of sexual conduct with a minor and a consecutive 20-year flat time sentence pursuant to the charge of child molestation.

**DISCUSSION**

¶8 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, we find none. The evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, Moreno was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶9 Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Moreno of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Moreno has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶10  The convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama