NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JACSON JOMO WILLAMS, *Appellant*.

No. 1 CA-CR 14-0522
FILED 5-12-2015

---

Appeal from the Superior Court in Yuma County
No. S1400CR201300708
The Honorable Stephen J. Rouff, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Michael A. Breeze
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

---

**G E M M I L L**, Judge:

¶1 Jacson Williams appeals from his conviction and sentence for attempted armed robbery, a class three felony, and misconduct involving weapons, a class two felony. Williams's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Williams was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2, 23 P.3d 668, 669 (App. 2001).

¶3 On November 28, 2012, Williams, brandishing a shotgun, confronted the victim in a trailer home. Williams, a convicted felon, was prohibited from possessing firearms. While pointing the shotgun at the victim, he told her to give him everything she had and that he would shoot her if she did not. The victim handed over her cell phone, her car keys, some jewelry, a watch, and $15. Williams took the items and then left with a third party.

¶4 In August 2013, Williams was found guilty of attempted armed robbery, a class three felony, and misconduct involving weapons, a class two felony. The trial court then conducted a hearing on aggravating circumstances. The jury found three aggravating circumstances beyond a reasonable doubt: the defendant inflicted or threatened infliction of serious physical injury; for the taking of or damage to property, the value of the property taken or damaged; and the victim suffered physical, emotional, or financial harm. The court also found five historical prior felony convictions including a prior attempted armed robbery and misconduct involving weapons. As a result of the historical prior felonies, the court found that Williams is a category three-repeat offender. A separate mitigation hearing was held and the court found no mitigating factors.

¶5 In October 2013, the court sentenced Williams to aggravated terms of 25 years for attempted armed robbery and 15 years for misconduct involving weapons. The court ordered the prison terms to be served

concurrently. The court further ordered that the sentences in this case be served consecutively to any sentence imposed in a separate Yuma County Superior Court case, numbered S1400CR201300252. The court applied credit for presentence incarceration to S1400CR201300252. Williams filed a timely notice of appeal and amended notice of appeal from the judgment and sentences. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

**¶6** Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, we find none. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, Williams was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶7** Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Williams of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Williams has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

**¶8** The convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama