NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

CHARLIE WILSON MCLENDON, II, *Appellant.*

No. 1 CA-CR 14-0478
FILED 6-30-2015

---

Appeal from the Superior Court in Maricopa County
No.  CR2013-435179-002
The Honorable Richard L. Nothwehr, Judge Pro Tem

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Office of the Legal Defender, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge John C. Gemmill delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**G E M M I L L**, Judge:

¶1          Charlie Wilson McLendon, II appeals from his convictions and sentences for one count of possession or use of dangerous drugs, a class 4 felony, one count of possession of drug paraphernalia, a class 6 felony, and one count of misconduct involving weapons, a class 4 felony. McLendon's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. McLendon was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001). This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2003), 13-4031 and 13-4033 (2010).[1]

¶3          On the night of July 25, 2013, Detectives J., H., and G., all assigned to the Mesa Police Department's Street Crimes Unit, were tasked with a high enforcement narcotics project located around the Lindsey-University intersection. The Street Crimes Unit was directed to inspect individuals exhibiting suspicious behavior in high-crime areas. At approximately 8:30 pm, Detective G. alerted to a strange flickering of light in a car parked near a convenience store. As the car pulled out of the lot, Detective J. observed the vehicle take a wide right hand turn onto the main

---

[1]          We cite the current version of applicable statutes because no revisions material to this decision have occurred since the events in question.

road.  After the vehicle weaved in and out of its designated lane, Detective J. initiated a traffic stop.

¶4        Detective J. approached the vehicle and noticed the occupants ducking and moving around.  The driver's license identified the driver as Charlie McLendon, and McLendon's suspicious and fidgety behavior prompted Detective J. to ask if the driver possessed any weapons or firearms.  McLendon first acknowledged a knife in his possession and then disclosed that a gun was located under his seat.  Upon learning McLendon was a convicted felon, Detective J. instructed McLendon to step out of the vehicle.

¶5        Detective J. informed McLendon that he would be detained briefly so the detective could safely retrieve the gun under the seat.  As he was being handcuffed, McLendon admitted to the "points in his pocket," an allusion to the street term for syringes.  McLendon was escorted to the curb while Detective J. retrieved the gun, noting it was loaded.

¶6        In addition to the syringes in McLendon's pockets, Detective J. discovered two "plastic micro baggies" containing "a white crystalline substance" later verified to be a useable quantity of methamphetamine, classified by Arizona statute as a dangerous drug.  While McLendon was being searched, Detective H. conducted an inventory search of the vehicle, uncovering a used glass pipe and two types of ammunition.

¶7        After being read his *Miranda* warnings, McLendon conceded his ownership of the methamphetamine, handgun, and both sets of ammunition.  Moreover, McLendon was fully aware of his status as a convicted felon and understood he was not allowed to possess a firearm. McLendon further admitted to using methamphetamine within the last three hours.

¶8        After his arrest, Detective J. interviewed McLendon a second time at the police station.  McLendon reiterated many aspects of his first conversation with Detective J., including his recent use of methamphetamine (via the pipe) prior to his arrest, his past use of injecting methamphetamine, and his hiding of the gun as Detective J. approached the vehicle.

¶9        At trial, McLendon was tried *in absentia*.  The State used his booking photo and physical descriptors to identify McLendon as the perpetrator.  The twelve-member jury convicted McLendon of Count 1, use or possession of dangerous drugs, Count 2, possession of drug paraphernalia, and Count 3, misconduct involving weapons.  Prior to

hearing evidence of aggravation, McLendon moved to preclude testimony from a release/parole officer regarding McLendon being on release at the time of the offenses. The motion was denied, McLendon cross-examined the release/parole officer's calculations of release time, and the jury accepted those calculations. The jury convicted McLendon of two aggravating factors: commission of an offense while on community supervision and commission of possession of dangerous drugs or drug paraphernalia involving the possession of a deadly weapon.

¶10 McLendon was arrested and present at the sentencing hearing. A trial on priors was held at that time. Evidence previously admitted at trial led the court to find three historical prior felony convictions, one of which functioned as an aggravator (committing an offense while on release), in addition to the other aggravating factor found by the jury. McLendon was sentenced to an aggravated term of 12 years imprisonment and the statutory fine for Count 1, a presumptive term of 3.75 year's imprisonment for Count 2, and another presumptive term of 10 years for Count 3. He was granted 170 days of presentence incarceration credit and all three sentences were ordered to be served concurrently.

## DISCUSSION

¶11 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the convictions and the sentences imposed fall within the ranges permitted by law. As far as the record reveals, McLendon was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶12 Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform McLendon of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. McLendon has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

**CONCLUSION**

¶13        The convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama