NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SAMUEL WAYNE ESTRADA, *Appellant.*

No. 1 CA-CR 14-0386
FILED 7-9-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-450249-001
The Honorable Brian Kaiser, Judge Pro Tem

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kathryn L. Petroff
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

**G E M M I L L**, Judge:

**¶1** Samuel Wayne Estrada (hereinafter "Estrada") appeals his conviction and sentence for one count of aggravated domestic violence, a class 5 felony. Estrada's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Estrada was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2** "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001). This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.[1]

**¶3** On the morning of October 7, 2013, Estrada's mother, N.E., returned home after staying overnight in a hotel because her son, Estrada, had moved in four days earlier and tended to be messy and noisy. Estrada had an important appointment later in the day, and N.E. wanted to ensure he would attend. When Estrada requested that N.E. bring him some vodka, she acquiesced in order to "kind of brib[e] him" and "convince him that [she] had come home to take him to [his] appointment." Estrada finished the pint of vodka N.E. had brought him and requested more. N.E. refused, and Estrada became angry with her. An argument ensued, and N.E. "started to walk out" of the house when she noticed a "change in his face" that she associated from past experience with aggression.

**¶4** The house's front door opened into the living room, where N.E. and Estrada had been seated. N.E. stood up to leave and turned her back to Estrada, who told N.E. she "wasn't going anywhere." Estrada then pushed N.E. forcefully in her upper back, causing N.E. to fall to the ground. N.E. yelled for assistance from her longtime next-door neighbor, T.F., whom she had asked earlier that morning to listen for her voice and look out for her. Estrada stood over N.E., mocking her calls for help and

---

[1] We cite the current version of applicable statutes because no revisions material to this decision have occurred since the events in question.

threatening that she "was going to get what was coming to [her]." T.F. arrived quickly, however, and Estrada opened the door for T.F. and sat down on a bench on the front porch. T.F. found N.E. still lying on the ground in the living room. Due to disability, T.F. could only push an exercise bike over to N.E., which she used to pull herself to her feet. N.E. sustained a scratch to her knee as well as general soreness throughout her body.

¶5        At trial, N.E. testified that Estrada had been convicted of multiple domestic violence offenses prior to the October 7 incident. N.E. identified certified court documentation from five prior domestic violence cases naming Estrada as the perpetrator and N.E. as the victim. Estrada moved to preclude N.E.'s testimony regarding the prior convictions. He alleged that he was not provided proper notice by the State with regard to N.E.'s proposed testimony and was not allowed to interview her because she, as a victim, declined to be interviewed. The court denied the motion, citing the victim's bill of rights and reminding Estrada that as long as N.E. had personal knowledge of the prior domestic violence incidents, the defense was not entitled to notice of a victim's specific testimony. The court excluded one of the five court documents offered by the State, because N.E. could not provide the necessary foundation.

¶6        At the close of N.E.'s direct testimony, Estrada moved for a mistrial based on N.E.'s use of three undisclosed police reports to refresh her memory of the prior domestic violence offenses, N.E.'s inadvertent reading aloud of the phrase "sentence of imprisonment" while looking at one of the documents, and the prosecutor's whispering off the record while directing N.E.'s attention to certain portions of the documentation. The court denied Estrada's motion, ruling: 1) the police reports were not introduced as evidence and, as a substitute for a continuance, defense counsel could review them over the weekend; 2) the jurors were given a limiting instruction to cure N.E.'s use of the phrase "sentence of imprisonment"; and 3) the prosecutor's whispering was harmless, but it was "absolutely not appropriate" and could not be repeated.

¶7        An eight-member jury convicted Estrada of aggravated domestic violence. Estrada moved for a new trial, arguing that admission of Exhibits 16–19 identifying N.E. as the victim of Estrada's prior domestic violence violated Arizona Rules of Evidence 403 and 404(b). The motion also asserted prosecutorial misconduct occurred during rebuttal argument when the State referred to Estrada's history of domestic violence against N.E., which, according to Estrada, constituted an inappropriate propensity argument. The court denied the motion, explaining: 1) Under *State v.*

*Ferrero*, 229 Ariz. 239, 243, ¶ 20 (2012), if propensity evidence is required to prove the crime charged, it is not subject to Rule 404 analysis, and "defendant's prior convictions are a necessary element of the crime of aggravated domestic violence"; 2) as to Rule 403, "the evidence is both relevant and probative" and the prejudice inherent in the nature of the prior offenses is outweighed because N.E., as the victim, had to "establish[ ] her personal knowledge of [Estrada's] convictions represented by the certified court records"; and 3) the prosecutorial misconduct alleged repeats the pretrial motions regarding the admission of prior offenses and "[t]he State's presentation of evidence through [N.E.] was consistent with the Court's rulings on those motions and did not constitute prosecutorial misconduct."

**¶8**     A trial on prior convictions was held as part of the sentencing hearing.    The State proved four prior convictions by successfully introducing an Arizona Department of Corrections' summary report and certified minute entries of the convictions, which were read into the record by N.E.  Estrada was sentenced to a slightly mitigated term of four years imprisonment.  He was credited with 228 days of presentence incarceration.

## DISCUSSION

**¶9**     Absent a clear abuse of discretion, we will not disturb a trial court's decision whether to preclude a witness, grant a mistrial, or deny a motion for new trial.  *State v. Moody*, 208 Ariz. 424, 456–58, ¶¶ 124, 135 (2004); *Desert Palm Surgical Grp., P.L.C. v. Petta*, 236 Ariz. 568, 581, ¶ 37 (App. 2015).

**¶10**     Estrada was charged with aggravated domestic violence, which requires proof of "a third or subsequent violation of a domestic violence offense" within eighty-four months of a second domestic violence offense, defined in A.R.S. § 13-3601(A) as a homicide, assault, kidnapping, sexual assault, burglary, or other violent act directed toward a closely associated or related victim.   A.R.S. § 13-3601.02.   In support of the admission of Estrada's prior domestic violence convictions, the State chose to ask N.E. a series of foundational questions about each conviction.  The trial court appropriately sanitized Estrada's prior domestic violence convictions by limiting N.E.'s testimony, although the State was permitted to establish N.E. as  the victim in order to prove her personal knowledge of the events.  Estrada may have preferred a disinterested custodian of records as the witness to present evidence of prior domestic violence convictions, but we agree with the trial court that Estrada "cannot dictate the State's presentation of its case."   Furthermore, Estrada's prior convictions were clearly relevant as necessary elements of the aggravated domestic violence

charge.  Finally, any previous disclosure violations on the part of the State were cured by granting a continuance, and the asserted instances of prosecutorial misconduct were either remedied by appropriate instruction to the jury or so minor and discrete as to not be prejudicial.

¶11        Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none.  The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law.  As far as the record reveals, Estrada was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶12        Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended.  Counsel need do no more than inform Estrada of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  Estrada has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶13        The conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

5