NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CARLOS IVAN MENDIOLA, *Appellant.*

No. 1 CA-CR 14-0731
FILED 8-4-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-002390-001
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

By Janelle A. McEachern, Chandler
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Chief Judge Michael J. Brown joined.

**G E M M I L L**, Judge:

¶1 Carlos Ivan Mendiola appeals his convictions and sentences for one count of armed robbery, a class 2 felony, and two counts of aggravated assault, class 3 felonies. Mendiola's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Mendiola was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001). This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

¶3 Around 9:00 p.m. on January 31, 2009, A.R. was walking to a bus stop at the intersection of Horne and University in Mesa. While sitting and waiting for the bus to arrive, two Hispanic males sat down on either side of A.R. The man to the left of A.R., who was slimmer and younger than the man on A.R.'s right, pulled out a switchblade knife and demanded all of A.R.'s money. A.R. gave the $1.89 he had in bus fare, but the man with the knife requested more, so A.R. handed over his empty wallet. After doing so, A.R. attempted to escape, running out into the middle of University Drive. The two men pursued A.R., tackling him in the middle of the street. A.R. fought to get away from his two attackers; after he grabbed one of the men's jackets, he suffered a stab wound to the left side of his body. Then, abruptly, the two attackers got up and left, while A.R. laid in the street until two bystanders helped him to the sidewalk and called 911.

¶4 At the hospital, A.R. was treated for a laceration on his left cheek and a puncture wound in his left hip area. At the crime scene, Officer P.C. retrieved a rosary necklace that was later admitted into evidence. A forensic scientist for the Mesa Police Department was able to develop a full, single source DNA profile from the rosary necklace, which she then cross-referenced with the known DNA profile of Carlos Mendiola. Another Mesa Police Department forensic scientist then directly compared the DNA

extracted from the necklace to DNA from a buccal swab of Mendiola; the two DNA samples were a perfect match. S.J., the detective who collected the buccal swab, also interviewed Mendiola. At the interview, Mendiola initially identified the rosary necklace as his own, although he later retreated from this position.

¶5 At trial, after the close of testimony, Mendiola moved for a Rule 20 directed verdict. Mendiola argued the State had not presented substantial evidence that Mendiola was involved in the armed robbery. The State had proceeded on the theory that Mendiola was the younger, slimmer individual who wielded the knife, yet A.R. could not positively identify Mendiola in court or any photographic lineups and firmly remembered the younger man with the knife having a neck tattoo — and Mendiola has no such tattoo. The State argued that a piece of evidence taken from the crime scene matched Mendiola's DNA perfectly, and A.R. did identify Mendiola as one of his attackers in court, albeit without 100 percent certainty. The trial court denied Mendiola's motion.

¶6 A twelve-member jury convicted Mendiola of armed robbery and both counts of aggravated assault. The jury found all three counts to be dangerous offenses, given Mendiola's use of a deadly weapon to inflict serious physical injury. Additionally, the State proved three aggravating circumstances to the armed robbery offense—the offense caused physical injury, emotional, or financial harm to the victim; involved an accomplice; and was committed for pecuniary gain. The State also proved that the two aggravated assault offenses involved an accomplice and caused physical injury, emotional, or financial harm to the victim.

¶7 A trial on prior convictions was held as part of the sentencing hearing. Mendiola voluntarily admitted two prior felony convictions, although only one qualified as an allegeable historical felony conviction. He was sentenced to a slightly aggravated term of 12 years imprisonment for the armed robbery conviction as well as two presumptive terms of 7.5 years imprisonment for each aggravated assault offense. The three sentences will run concurrently with one another. Mendiola was fined $20 for probation assessment and $45 for a bench warrant fee, both of which pertained to the armed robbery offense. He was credited with 488 days of presentence incarceration.

## DISCUSSION

¶8 We review the trial court's denial of a Rule 20 motion de novo.

*State v. Parker*, 231 Ariz. 391, 407, ¶ 69 (2013). "[T]he controlling question is solely whether the record contains 'substantial evidence to warrant a conviction.'" *State v. West*, 226 Ariz. 559, 562, ¶ 14 (2011) (quoting Ariz. R. Crim. P. 20(a)). Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of guilt beyond a reasonable doubt. *Id.* at ¶ 16 (citing *State v. Mathers*, 165 Ariz. 64, 66 (1990)). Both direct and circumstantial evidence may be considered when determining whether substantial evidence supports a conviction. *Id.* In weighing the substantiality of the evidence, we view that evidence in the light most favorable to sustaining the verdict. *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004).

¶9 "When reasonable minds may differ on inferences drawn from the facts, the case must be submitted to the jury, and the trial judge has no discretion to enter a judgment of acquittal." *State v. Lee*, 189 Ariz. 590, 603 (1997) (citing *State v. Landrigan*, 176 Ariz. 1, 4 (1993)). At trial, there was no debate over whether the offenses against A.R.—the robbery and two injuries—actually occurred. But as Mendiola asserts, there was evidence that tended to counter his involvement in those offenses, such as A.R.'s difficulty identifying Mendiola. Nonetheless, there also exists strong forensic evidence, as well as Mendiola's initial admissions, linking him to the site of the crime. The weighing and balancing of the evidence was appropriately presented to and accomplished by the jury. There existed substantial evidence on which a reasonable jury could have elected to convict Mendiola.

¶10 Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, Mendiola was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶11 Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Mendiola of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Mendiola has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

**CONCLUSION**

¶12       The convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama