NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

MARQUISE JA MONTE JOHNSON, *Appellant.*

No. 1 CA-CR 14-0867
FILED 10-6-2015

---

Appeal from the Superior Court in Maricopa County
No. CR2013-442190-001
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Maurice Portley and Chief Judge Michael J. Brown joined.

---

**G E M M I L L**, Judge:

¶1          Marquise Ja Monte Johnson appeals his convictions and sentences for one count of aggravated assault, a class 3 felony, and one count of misconduct involving weapons, a class 4 felony. Johnson's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Johnson was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

¶3          On August 16, 2013, E.B. drove to a house at 4417 South 6th Street ("the 6th Street house") to pick up his girlfriend, C.S. Marquise Johnson resided at the 6th Street house and was friends with C.S. After E.B. "got kind of belligerent" over a disagreement with C.S., Johnson told E.B. to "get away from [his] house." Johnson and E.B.'s altercation became heated but did not escalate to physical violence. Eventually, E.B. decided to leave without C.S.

¶4          Two days later, on August 18, E.B. returned to the 6th Street house to deliver some food to C.S. As E.B. pulled into the driveway, Johnson exited the house with a shotgun and told E.B. "you gotta go." The dispute intensified until E.B. put his car in reverse to leave; at that point, Johnson shot E.B. through the front windshield.

¶5          After the gunshot, E.B. hurriedly backed out of the driveway and sought out the nearest hospital. He spotted C.S. and her friend walking along Broadway Road. E.B. immediately pulled over to tell C.S. that Johnson had shot him and to have her call 911. Officer A.G., on patrol, observed C.S. crying by the car and pulled over to lend assistance. With her partner, Officer G. obtained enough information from E.B. and C.S. to direct additional officers to the 6th Street house.

¶6            Officer R.M. arrived first at the 6th Street house.  He secured the house, but neither Johnson nor the shotgun used to shoot E.B. was located.  Detective D.P., the case agent, interviewed E.B. in the hospital on August 20.  E.B. positively identified Johnson from a photographic lineup. By September 3, Johnson had been placed in custody.

¶7            At trial, before the State rested its case, the parties stipulated to two facts:  Johnson was a prohibited possessor, and E.B. was treated at a hospital "for an injury consistent with a gunshot wound to his right chest area."  Thereafter, Johnson moved for a judgment of acquittal because there was no physical evidence placing him at the scene of the crime.  The trial court denied the motion, asserting that E.B.'s testimony was "substantial evidence upon which the jury can convict."

¶8            In November 2014, a jury found Johnson guilty of aggravated assault, a class 3 dangerous felony, and misconduct involving weapons, a class 4 felony.   Thereafter, the trial court conducted a hearing on aggravating circumstances.  The jury found as aggravating circumstances beyond a reasonable doubt, that the offense caused physical or emotional harm to the victim, that Johnson left the scene of the crime, and that Johnson did not seek help for the victim.

¶9            At the sentencing hearing in December 2014, Johnson admitted to having one prior felony conviction, and documents evidencing the prior conviction were admitted into evidence.  Additionally, the confidential criminal history portion of the presentence report set forth the same prior felony.  The trial court weighed both Johnson's prior conviction and the jury's finding that the offense caused physical and emotional harm to the victim, as aggravating circumstances against various mitigating circumstances.  Johnson was sentenced to the aggravated term of 10 years for the aggravated assault conviction and to the presumptive term of 2.5 years for the misconduct involving weapons conviction, to be served concurrently.   The trial court gave Johnson 472 days of presentence incarceration credit.  This court has jurisdiction over Johnson's timely appeal in accordance with Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

¶10            Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none.  The

evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. As far as the record reveals, Johnson was represented by counsel at all stages of the proceedings, and these proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶11        Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended. Counsel need do no more than inform Johnson of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Johnson has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

## CONCLUSION

¶12        The convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama