NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

RUAN JUNIOR HAMILTON, *Appellant.*

No. 1 CA-CR 15-0284
FILED 4-5-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-004881-001
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Heath Law Firm PLLC, Phoenix
By Mark Heath
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

**¶1**        Ruan Junior Hamilton appeals from his convictions and sentences for four drug-related offenses.  Hamilton's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Hamilton was afforded the opportunity to file a *pro se* supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**        "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions."  *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).  This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

**¶3**        This case arises from a reverse sting operation conducted by law enforcement officers from several agencies, in which Hamilton and others attempted to purchase of a large quantity of marijuana.  M.P., an undercover detective for Tempe Police, first met with Kevin Ottar, who was a co-defendant at trial.  Hamilton and Ottar made arrangements for Ottar to purchase a large quantity of marijuana from M.P. on October 17, 2010.  On that date, M.P. brought Ottar and Hamilton to a warehouse where they inspected, separated, and selected several dozen bales of marijuana.  The men then went to a house in Phoenix where Hamilton brought in a suitcase full of money.  Hamilton removed the money from the suitcase and used it to pay for the marijuana chosen earlier.  Hamilton and others then repackaged the purchased marijuana.  M.P. and the other men also discussed transporting the marijuana from Phoenix to Los Angeles, where it would then be transported to Florida.

¶4        The reverse sting operation ended with the arrest of Hamilton, Ottar, and two other people. Hamilton was charged with four separate counts including conspiracy to commit possession of marijuana for sale; possession of marijuana for sale; money laundering in the second degree; and possession of drug paraphernalia. Hamilton was found guilty of conspiracy to commit possession of marijuana for sale, money laundering, and possession of drug paraphernalia. Hamilton was also found guilty of the lesser-included offense of attempted possession of marijuana for sale. The court considered both aggravating and mitigating circumstances, determined the mitigating factors outweighed the aggravating factors, and imposed a mitigated sentence. Hamilton was sentenced to incarceration for 3.5 years for conspiracy to commit possession of marijuana for sale, 2.5 years for attempted possession, and 2.5 years for money laundering, all to be served concurrently. Hamilton was also placed on probation for 3 years for possession of drug paraphernalia. He was given credit for 13 days of presentence incarceration for each count requiring prison time.

## DISCUSSION

¶5        Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the convictions and the sentences imposed fall within the range permitted by law. The record reflects Hamilton received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. Furthermore, each of the four charges against him is substantiated by the record. Audio recordings were admitted that show Hamilton working with Ottar to facilitate the purchase. Money was exchanged between Hamilton and M.P. for the marijuana, and Hamilton assisted in repackaging the marijuana he had "purchased." The jury also determined the evidence did not support a conviction for possession of marijuana, but instead found Hamilton guilty of the lesser-included offense of attempted possession.

## CONCLUSION

¶6        Because we find no reversible error, we affirm the convictions and resulting sentences. After the filing of this decision, defense counsel's obligations pertaining to Hamilton's representation in this appeal have ended. Defense counsel need do no more than inform Hamilton of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On

the court's own motion, Hamilton is granted 30 days (instead of 15) from the date of this decision to proceed, if he wishes, with a *pro se* motion for reconsideration. Alternatively, Hamilton has 30 days from the date of this decision to proceed, if he wishes, with a *pro se* petition for review.

