NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SKY NEAL, *Appellant*.

No. 1 CA-CR 15-0318
FILED 4-19-2016

Appeal from the Superior Court in Maricopa County
No. CR2014-132260-001
The Honorable Jose S. Padilla, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

**G E M M I L L**, Judge:

¶1 Sky L. Neal appeals from his convictions and sentences for one count of aggravated assault, one count of unlawful discharge of a firearm, and one count of misconduct involving weapons. Neal's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error. Neal was afforded the opportunity to file a *pro se* supplemental brief but did not do so. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions." *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001). Neal resided at an apartment complex in Phoenix, with his cousin, M.W. On July 6, 2014, Neal and M.W. were involved in a disagreement in the apartment. Another cousin, E.W., was in another room watching a movie with M.W.'s daughter, A.W. During the disagreement between M.W. and Neal, M.W. was shot in her left thigh. M.W. ran out of the apartment screaming, "[h]e shot me, he shot me." E.W. observed Neal holding a gun at this time.

¶3 Neal felt that M.W. and her boyfriend, T., were plotting against him. Neal and M.W. had been arguing for a few days prior to Neal confronting her with a gun in the apartment. M.W. told the 911 dispatcher, law enforcement officers, and a doctor at St. Joseph's Hospital that her cousin shot her. She never mentioned a struggle over the gun until trial, except in discussions with family members.

¶4 Prior to trial, M.W. drafted an affidavit averring that the statements she made to law enforcement were inaccurate and that she did not wish to prosecute Neal. M.W. had illegally purchased the gun involved in the shooting, and at trial, she invoked her Fifth Amendment right to remain silent. After the State granted her immunity as to the illegal gun purchase, she testified that the incident began when she approached Neal, there was a "tussling back and forth" over the gun; and then the gun went off, with the bullet penetrating her left thigh. She further testified that her statements saying Neal had shot her were made out of anger from Neal not trusting her. Neal's mother, S.J., who was also M.W.'s employer, testified

that she never told M.W. to change her story. E.W. testified that M.W. never told him about a struggle over the gun and that he heard M.W. say "[h]e shot me" after the gunshot.

**¶5**        Detective Anthony Winter testified that because fingerprint, DNA, and gunshot residue (GSR) testing were not requested until one month prior to trial, the testing was not done. Both Detective Winter and forensic scientist Kyle Mueller testified that GSR testing would have not been helpful in this case.

**¶6**        The eight-member jury convicted Neal of one count of aggravated assault, a class 3 felony, one count of unlawful discharge of a weapon, a class 6 felony, and one count of misconduct involving weapons, a class 4 felony. After a colloquy with the court, Neal stipulated to the following aggravating factors: the offense involved the infliction of serious physical injury; the offense caused emotional harm to the victim; the offense was a domestic violence offense because Neal was residing with the victim and the offense occurred in the presence of a child; and Neal was on felony probation at the time of the offense. Additionally, both parties agreed that a finding of dangerousness was inherent in the jury's verdict. Neal was sentenced to three concurrent, presumptive terms in prison, the longest of which was 7.5 years. Neal was credited for 317 days served in jail.

**¶7**        Neal timely appealed, and this court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

**¶8**        Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none. The evidence presented supports the convictions and the sentences imposed fall within the ranges permitted by law. As far as the record reveals, Neal was represented by counsel at all stages of the proceedings, which were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶9**        Pursuant to *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984), counsel's obligations in this appeal have ended. Counsel need do no more

than inform Neal of the disposition of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. Neal has thirty days from the date of this decision in which to proceed, if he desires, with a *pro se* motion for reconsideration or petition for review.

**CONCLUSION**

¶10　　　　Neal's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama