NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA, *Appellee,*

*v.*

EVERADO MARTINEZ, *Appellant.*

No. 1 CA-CR 15-0300
FILED 4-28-2016

_____

Appeal from the Superior Court in Maricopa County
No. CR2013-461333-001
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

_____

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender, Phoenix
By Peg Green
*Counsel for Appellant*

_____

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

_____

**G E M M I L L**, Judge:

¶1        Everardo Martinez appeals from his conviction and sentence for one count of resisting arrest.  Martinez's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that she has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Martinez was afforded the opportunity to file a *pro se* supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions."  *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

¶3        At approximately 3:00 p.m. on December 23, 2013, Martinez was working with his father when the two stopped to get a part from a trailer shop.  While his father was in the shop, Martinez walked over to what he thought was a seafood restaurant in order to buy lunch.  After looking inside, he realized that the place was not open for business.

¶4        At this same time, Officer P.C. was investigating a recent hit-and-run involving a black pickup truck.  Officer P.C. was examining a black pickup truck with "extensive front end damage" under suspicion that it had been involved in the hit-and-run.  The pickup truck happened to be located in the same parking lot as the restaurant that Martinez had thought was open for lunch.  Upon arriving at the parking lot and seeing Martinez about ten feet away from the vehicle, Officer P.C. exited his patrol car and gave verbal commands for Martinez to stop.

¶5        Officer P.C. testified that he gave Martinez several verbal commands in both English and Spanish, but Martinez would not stop.  Martinez testified that he did not know who Officer P.C. was talking to, but after hearing a few verbal commands, Martinez turned around.  Once Martinez turned around, Officer P.C. directed him to stand against the wall of the restaurant.  Martinez responded by cursing at Officer P.C. and calling him "racist."  At the time, Martinez believed Officer P.C. was engaging in racial profiling, because Martinez is Latino and was dressed in work clothes.

**¶6**          Officer P.C. grabbed Martinez's wrist and pushed him up against the wall of the building with one arm behind his back. Up to this point, Officer P.C. had not explained to Martinez what was going on or that he was being arrested. Officer P.C. testified that Martinez was pushing off the wall, which made it impossible to handcuff him. Martinez testified that he did not push off the wall or engage the officer physically in any way.

**¶7**          While Martinez was against the wall, Officer P.C. explained to him that he was accused of being in a hit-and-run. Martinez tried explaining that he was not involved in the accident. Officer P.C. then told Martinez to turn around and put his hands on his head, and Martinez complied. Backup officers arrived shortly thereafter.

**¶8**          In order to arrest Martinez, whose hands were still on his head, an officer started to pull Martinez's hand down and Martinez's body went stiff. Martinez testified this was a nervous reaction to being arrested for the first time and acknowledged this made it harder for the officers to get his hands down and into handcuffs. Eventually, Officer J.B. kicked Martinez behind the knee in order to get him off balance so they could handcuff him.

**¶9**          The officers took Martinez to the black pickup truck in the parking lot and asked him if it was his. Martinez replied that it was not. Martinez's father, who drove into the parking lot during the altercation, also told the officers that the truck did not belong to Martinez. Martinez was later charged with resisting arrest, a class six felony.[1]

**¶10**          After voir dire and jury selection, but before the jury heard arguments from the parties, Martinez agreed to waive his right to a jury and proceeded with a bench trial. In exchange, the State agreed to designate the alleged offense as a misdemeanor. The trial court found Martinez guilty of one count of resisting arrest, a class one misdemeanor. The court suspended imposition of sentence and placed Martinez on one year of unsupervised probation, eligible for early termination after half the term was completed. He was also required to complete 24 hours of community restitution and pay reduced fees.

---

[1] Martinez was also charged with leaving the scene of an accident, a class two misdemeanor. The State moved to dismiss this charge before trial began, and the court granted the State's motion.

¶11     Martinez appeals his conviction and sentence.  This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

¶12     Having considered defense counsel's brief and examined the record for reversible error, *see Leon*, 104 Ariz. at 300, we find none.  The evidence presented supports the conviction and the sentence imposed falls within the range permitted by law.  As far as the record reveals, Martinez was represented by counsel at all stages of the proceedings, which were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶13     After the filing of this decision, defense counsel's obligations pertaining to this appeal have ended.  Defense counsel need do no more than inform Martinez of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  Martinez has 30 days from the date of this decision to proceed, if he wishes, with a *pro se* motion for reconsideration or a *pro se* petition for review.

## CONCLUSION

¶14     Martinez's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama