NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

NGOC LAM PHAM, *Appellant.*

No. 1 CA-CR 15-0648
FILED 6-14-2016

Appeal from the Superior Court in Yavapai County
No. P1300CR201400884
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

David Goldberg Attorney at Law, Fort Collins, CO
By David Goldberg
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

**G E M M I L L**, Judge:

¶1        Ngoc Lam Pham appeals his convictions and sentences for one count of first degree money laundering, a class 2 felony; one count of transportation or offer to sell a dangerous drug (methamphetamine), a class 2 felony; one count of use of a wire or electronic communication in a drug related transaction, a class 4 felony; and one count of possession of drug paraphernalia, a class 6 felony.  Pham's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Pham was afforded the opportunity to file a *pro se* supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        "We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions."  *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

¶3        In September 2014, Heather Crawford texted Pham, known to her as "Lee," to arrange the purchase of a quarter ounce of heroin for herself and two ounces of methamphetamine for Amanda Hobbs.  The two drove to Pham's Glendale home.  They arrived at Pham's house at approximately 9:00 p.m. and entered through the garage.

¶4        There, Crawford and Pham used a pipe to smoke methamphetamine.  They discussed the quantity and price of the drugs and completed the transaction, during which Pham requested a ride to a Camp Verde casino.  Hobbs agreed to take Pham to the casino for future lower prices.

¶5        On the drive to the casino, Deputy E.L. stopped the group for lane violations.  Before he stopped the vehicle, Deputy E.L. had received a tip from narcotics task force detectives that the car may be transporting dangerous drugs.  He received consent from Hobbs to search the car and from Pham to search his bag.  Within the bag was the pipe Crawford and Pham used to smoke methamphetamine.  Pham also claimed he had $7,000.00 in cash in the bag.  After Deputy E.L. discovered Hobbs' methamphetamine and the heroin in the car, all three were arrested.

¶6        Pham was tried by a twelve-member jury.  At the close of the

State's case in chief, Pham moved for a directed verdict under Arizona Rule of Criminal Procedure ("Rule") 20. Pham argued the pipe found in his bag was not determined to have methamphetamine on it, and the testimony of two officers conflicted on whether the pipe was clean or used. On the wire communications charge, Pham claimed there was no way to prove he was the one responding to Crawford's texts about drug sales. He also claimed there was no substantial evidence that the money found came from racketeering or drug proceeds. Finally, Pham argued he did not offer to sell methamphetamine and he was not included in Crawford's plans to distribute the drug.

¶7             The State noted the possession of drug paraphernalia statute does not require that the pipe actually be used, just that there be an intent to use it with illegal drugs. Furthermore, Crawford testified that she and Pham smoked meth out of that pipe. She also testified that in the year she had known Pham, she set up the drug transactions through text messages, and on the evening in question, Pham was the one who completed the transactions described in the messages. On the money laundering claim, Crawford testified she saw Pham combine the money from their drug transaction with the money in his wallet. The wallet was in Pham's bag along with the pipe and money. Moreover, the amount of money in Pham's bag was not merely $7,000.00 but actually more than $8,000.00; and the extra $1,000.00 was consistent with the amount Crawford had paid Pham. Finally, the State argued the text messages between Crawford and Pham represented an offer to sell drugs. The court denied Pham's Rule 20 motion.

¶8             The jury convicted Pham of first degree money laundering, transportation or offer to sell a dangerous drug (methamphetamine), use of a wire or electronic communication in a drug related transaction, and possession of drug paraphernalia. Additionally, the State proved two aggravating factors — the presence of an accomplice and offenses committed in consideration of the receipt of anything of pecuniary value.

¶9             Before sentencing, Pham admitted to eight prior felony convictions. He was permissibly sentenced to a slightly aggravated term of 23 years for money laundering, a slightly aggravated term of 23 years for transportation or offer to sell a dangerous drug, a maximum term of 12 years for use of a wire or electronic communication in a drug related transaction, and a maximum term of 4.5 years for possession of drug paraphernalia. He was granted 349 days of presentence incarceration credit and all sentences were ordered to be served concurrently.

¶10        Pham timely appeals.   This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

¶11        The record reflects Pham received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages.

¶12        We review the trial court's denial of a Rule 20 motion de novo. *State v. Parker*, 231 Ariz. 391, 407, ¶ 69 (2013).  "The controlling question is solely whether the record contains 'substantial evidence to warrant a conviction.'"  *State v. West*, 226 Ariz. 559, 562, ¶ 14 (2011) (quoting Ariz. R. Crim. P. 20(a)).  Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of guilt beyond a reasonable doubt. *Id.* at ¶ 16 (citing *State v. Mathers*, 165 Ariz. 64, 66 (1990)).  Both direct and circumstantial evidence may be considered when determining whether substantial evidence supports a conviction.  *Id.*   In weighing the substantiality of the evidence, we view that evidence in the light most favorable to sustaining the verdict. *State v. Davolt*, 207 Ariz. 191, 212, ¶ 87 (2004).

¶13        The trial court appropriately denied Pham's Rule 20 motion. The convictions are supported by the evidence.  Crawford testified she regularly established drug deals with Pham through text messages, smoked methamphetamine from the pipe in Pham's possession, purchased and received the drugs from Pham on the night in question, and saw Pham place the drug proceeds in his wallet.  Further, Detective B.J. testified about the use of casinos to launder money.  Pham was on his way to a casino when the car was stopped.   Detective B.J. also noted the unlikelihood of consecutively winning over $1,000.00 from quarter and penny slot machines four times in two days.  We conclude substantial evidence was presented from which a reasonable jury could have chosen to convict on these charges.

## CONCLUSION

¶14        We have reviewed the entire record for reversible error and find none, and therefore affirm the convictions and resulting sentences. *See Leon*, 104 Ariz. at 300.

¶15        After the filing of this decision, defense counsel's obligations pertaining to Pham's representation in this appeal have ended.  Defense counsel need to no more than inform Pham of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  On this court's own motion, Pham has 30 days from the date of this decision to proceed, if he wishes, with a *pro se* motion for reconsideration.  He also has 30 days from the date of this decision to proceed, if he wishes, with a *pro se* petition for review.



Ruth A. Willingham · Clerk of the Court
FILED: AA