NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JACKIE SAGARNAGA, *Appellant.*

No. 1 CA-CR 15-0636
FILED 6-30-2016

Appeal from the Superior Court in Maricopa County
No. CR 2014-143596-001
The Honorable Michael D. Gordon, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Maurice Portley joined.

**G E M M I L L**, Judge:

**¶1**　　　　Jackie Sagarnaga appeals his conviction and sentence for misconduct involving weapons.  Sagarnaga's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating that he has searched the record and found no arguable question of law and requesting that this court examine the record for reversible error.  Sagarnaga was afforded the opportunity to file a *pro se* supplemental brief but did not do so.  *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**　　　　"We view the facts and all reasonable inferences therefrom in the light most favorable to sustaining the convictions."  *State v. Powers*, 200 Ariz. 123, 124, ¶ 2 (App. 2001).

**¶3**　　　　On September 8, 2014, Officer D.M. observed a van rapidly accelerate and then park illegally on the sidewalk.  Officer D.M. walked to the van and witnessed the passenger reach back and place something behind the driver's seat.  Officer D.M. shined his flashlight behind the seat and saw a gun.  He then identified the passenger as Sagarnaga.  When questioned, Sagarnaga stated he received the gun from the mother of his children ("Mother"), and his fingerprints would likely be on it.  Sagarnaga was then placed in handcuffs and transported to the precinct.

**¶4**　　　　At the precinct, Officer D.M. read Sagarnaga his *Miranda* rights and conducted an interview.  Sagarnaga confirmed his initial statements including that he had set the gun behind the driver's seat.  As a prohibited possessor, he was charged with misconduct involving weapons, a class four felony.

**¶5**　　　　Sagarnaga was tried by an eight-member jury.  At the close of the State's case in chief, Sagarnaga moved for a directed verdict under Arizona Rule of Criminal Procedure ("Rule") 20, arguing there was no evidence that he possessed the gun.  The State noted Sagarnaga confessed that he possessed the gun, Officer D.M. saw Sagarnaga make motions that suggested he possessed the gun, and the State presented evidence that Mother stated she gave the gun to Sagarnaga.  The court denied Sagarnaga's Rule 20 motion.

**¶6** Sagarnaga admitted to one prior felony conviction. The jury found Sagarnaga guilty of one count of misconduct involving weapons. Sagarnaga was present at sentencing and had an opportunity to speak. He was sentenced to the minimum term of three years and received 102 days of presentence incarceration credit.

**¶7** Sagarnaga timely appeals. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031 and 13-4033.

## DISCUSSION

**¶8** We review the trial court's denial of a Rule 20 motion de novo. *State v. Parker*, 231 Ariz. 391, 407, ¶ 69 (2013). "[T]he controlling question is solely whether the record contains 'substantial evidence to warrant a conviction.'" *State v. West*, 226 Ariz. 559, 562, ¶ 14 (2011) (quoting Ariz. R. Crim. P. 20(a)). Because this conviction is supported by the evidence, the trial court appropriately denied Sagarnaga's Rule 20 motion. Sagarnaga stated he possessed the gun, Officer D.M. saw Sagarnaga make motions consistent with possession of the gun, and Mother stated she gave Sagarnaga the gun. We conclude substantial evidence was presented from which a reasonable jury could have chosen to convict on this charge.

## CONCLUSION

**¶9** We have reviewed the entire record for reversible error and find none, and therefore affirm the conviction and resulting sentence. *See Leon*, 104 Ariz. at 300. The record reflects Sagarnaga received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. As far as the record reveals, these proceedings were conducted in compliance with Sagarnaga's constitutional and statutory rights.

**¶10** After the filing of this decision, defense counsel's obligations pertaining to Sagarnaga's representation in this appeal have ended. Defense counsel need to no more than inform Sagarnaga of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On this court's own motion, Sagarnaga has 30 days from the date of this decision to proceed, if he wishes, with a *pro se* motion for reconsideration.

Sagarnaga also has 30 days from the date of this decision to proceed, if he prefers, with a *pro se* petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA